1  BROWNE GEORGE ROSS LLP
   Peter W. Ross (State Bar No. 109741)
2     pross@bgrfirm.com
   Eric C. Lauritsen (State Bar No. 301219)
3     elauritsen@bgrfirm.com
   2121 Avenue of the Stars, Suite 2800
4  Los Angeles, California 90067
   Telephone: (310) 274-7100
5  Facsimile: (310) 275-5697

6  Attorneys for Defendants Onika Tanya
   Maraj

7

8                    UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION

10

11
    TRACY CHAPMAN,                         Case No. 2:18-cv-9088-VAP-SS
12
            Plaintiff,                     **ANSWER OF DEFENDANT ONIKA TANYA MARAJ**
13
        vs.                                Trial Date: None Set
14
    ONIKA TANYA MARAJ p/k/a NICKI
15  MINAJ and DOES 1-10,,

16          Defendants.

17

---

1208428.1                                                  Case No. 2:18-cv-9088-VAP-SS

ANSWER

Defendant Onika Tanya Maraj ("Defendant"), for herself and no other party, hereby answers the complaint filed in this action by plaintiff Tracy Chapman (the "Complaint"), as follows:

1. Defendant denies that she has infringed, willfully or otherwise, any copyrights held by Plaintiff and, on that basis, denies the allegations in paragraph 1 of the Complaint.

2. Defendant admits that her representatives made several requests for permission to release a musical interpolation that used music and lyrics from the Composition. Except as expressly admitted, Defendant denies each and every allegation in paragraph 2 of the Complaint.

3. Defendant admits that Chapman denied her requests for permission to release a musical interpolation that used music and lyrics from the Composition. Except as expressly admitted, Defendant denies each and every allegation in paragraph 3 of the Complaint.

4. Defendant denies the allegations in paragraph 4 of the Complaint.

5. Defendant admits the allegations in paragraph 5 of the Complaint.

6. Defendant admits the allegations in paragraph 6 of the Complaint.

7. Defendant admits that this Court has personal jurisdiction over her. Except as expressly admitted, Defendant denies each and every allegation in paragraph 7 of the Complaint.

8. Defendant admits that venue is proper as to her. Except as expressly admitted, Defendant denies each and every allegation in paragraph 8 of the Complaint.

9. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and, on that basis, denies them.

10. Defendant admits the allegations in paragraph 10 of the Complaint.

11. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint and, on that basis, denies them.

12. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint and, on that basis, denies them.

13. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint and, on that basis, denies them.

14. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint and, on that basis, denies them.

15. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint and, on that basis, denies them.

16. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint and, on that basis, denies them.

17. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint and, on that basis, denies them.

18. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint and, on that basis, denies them.

19. Defendant admits that she recorded a musical interpolation ("*Sorry*") that incorporated music and lyrics from the Composition. Defendant admits that she hoped to include *Sorry* on her album *Queen*, which was released in the United States on August 10, 2018. Except as expressly admitted, Defendant denies each and every allegation in paragraph 19 of the Complaint.

20. Defendant admits that *Sorry* incorporates music and lyrics from the Composition. Defendant admits that she made a recording of *Sorry* without first seeking authorization to do so. Except as expressly admitted, Defendant denies each and every allegation in paragraph 20 of the Complaint.

21. Defendant denies the allegations in paragraph 21 of the Complaint.

22. Defendant finds unintelligible the allegations of paragraph 22 of the Complaint and, on that basis, denies them.

23. Defendant admits that she recorded Sorry before her representatives sought Chapman's consent to use portions of the Composition in an interpolation.

Except as expressly admitted, Defendant denies each and every allegation in paragraph 23 of the Complaint.

24.  Defendant admits the allegations in paragraph 24 of the Complaint.

25.  Defendant admits the allegations in paragraph 25 of the Complaint.

26.  Defendant admits the allegations in paragraph 26 of the Complaint.

27.  Defendant admits the allegations in paragraph 27 of the Complaint.

28.  Defendant admits the allegations in paragraph 28 of the Complaint.

29.  Defendant denies the allegations in paragraph 29 of the Complaint.

30.  Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint and, on that basis, denies them.

31.  Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint and, on that basis, denies them.

32.  Defendant denies there was an infringing work.  Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32 of the Complaint and, on that basis, denies them.

33.  Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint and, on that basis, denies them.

34.  Defendant admits that, on August 10, 2018, Defendant released *Queen* in the United States.  Defendant admits that *Sorry* was not on the album.  Except as expressly admitted, Defendant denies each and every allegation in paragraph 34 of the Complaint.

35.  Defendant admits the allegations in paragraph 35 of the Complaint.

36.  Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint and, on that basis, denies them.

37.  Defendant denies the allegations in paragraph 37 of the Complaint.

38.  Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint and, on that basis, denies them.

39.  Defendant lacks information sufficient to form a belief as to the truth of

1  the allegations in paragraph 39 of the Complaint and, on that basis, denies them.

2      40.    Defendant lacks information sufficient to form a belief as to the truth of
3  the allegations in paragraph 40 of the Complaint and, on that basis, denies them.

4      41.    Defendant lacks information sufficient to form a belief as to the truth of
5  the allegations in paragraph 41 of the Complaint and, on that basis, denies them.

6      42.    Defendant lacks information sufficient to form a belief as to the truth of
7  the allegations in paragraph 42 of the Complaint and, on that basis, denies them.

8      43.    Defendant lacks information sufficient to form a belief as to the truth of
9  the allegations in paragraph 43 of the Complaint and, on that basis, denies them.

10     44.    Defendant lacks information sufficient to form a belief as to the truth of
11 the allegations in paragraph 44 of the Complaint and, on that basis, denies them.

12     45.    Defendant lacks information sufficient to form a belief as to the truth of
13 the allegations in paragraph 45 of the Complaint and, on that basis, denies them.

14     46.    Defendant lacks information sufficient to form a belief as to the truth of
15 the allegations in paragraph 46 of the Complaint and, on that basis, denies them.

16     47.    Paragraph 47 of the Complaint assumes the existence of a hypothetical
17 decision maker.  For this reason, Defendant lacks information sufficient to form a
18 belief as to the truth of the allegations in paragraph 47 of the Complaint and, on that
19 basis, denies them.

20     48.    Defendant denies the allegations in paragraph 48 of the Complaint.

21         **ANSWER TO FIRST CLAIM FOR RELIEF**

22     49.    Defendant incorporates her responses to paragraphs 1 through 48 of the
23 Complaint.

24     50.    Defendant lacks information sufficient to form a belief as to the truth of
25 the allegations in paragraph 50 of the Complaint and, on that basis, denies them.

26     51.    Defendant admits that Chapman, through her representatives, denied
27 Defendant's requests to license the Composition for use in *Sorry*.  Except as
28 expressly admitted, Defendant denies each and every allegation in paragraph 51 of

the Complaint.

52. Defendant denies the allegations in paragraph 52 of the Complaint.

53. Defendant denies the allegations in paragraph 53 of the Complaint.

54. Defendant denies the allegations in paragraph 54 of the Complaint.

55. Defendant denies the allegations in paragraph 55 of the Complaint.

56. Defendant denies the allegations in paragraph 56 of the Complaint.

57. Defendant denies the allegations in paragraph 57 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE
### (Fair Use)

1. Defendant's use of the Composition in connection with the making of *Sorry* constituted fair use.

### SECOND AFFIRMATIVE DEFENSE
### (Failure to Register Copyright)

2. Defendant is informed and believes and thereon alleges that Plaintiff has not properly registered her claim to the copyright in the Composition.

### THIRD AFFIRMATIVE DEFENSE
### (Standing)

3. Defendant is informed and believes and thereon alleges that Plaintiff is not the owner of the copyright in issue and therefore lacks standing to bring the claims alleged in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

4. Plaintiff failed to mitigate the damages alleged in the Complaint and therefore is not entitled to the alleged damages, or any such damages must be reduced due to Plaintiff's failure to mitigate.

## FIFTH AFFIRMATIVE DEFENSE
### (De Minimus)

5. Plaintiff is entitled to recover nothing, because the alleged infringement is de minimus.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by reason of her Complaint and that judgment be rendered in favor of Defendant;

2. That Defendant be awarded her attorneys' fees and costs of suit incurred in defense of this action; and

3. For such other and further relief as the Court deems just and proper.

DATED: February 22, 2019  BROWNE GEORGE ROSS LLP
Peter W. Ross
Eric C. Lauritsen

By: *(signature)*
Peter W. Ross
Attorneys for Defendant Onika Tanya Maraj


**DEMAND FOR JURY TRIAL**

Defendant hereby demands trial by jury.

DATED: February 22, 2019

BROWNE GEORGE ROSS LLP
Peter W. Ross
Eric C. Lauritsen

By: _____
Peter W. Ross
Attorneys for Defendant Onika Tanya Maraj