MANATT, PHELPS & PHILLIPS, LLP
ROBERT A. JACOBS (State Bar No. 160350)
E-mail: rjacobs@manatt.com
MAURA K. GIERL (State Bar No. 287430)
E-mail: mgierl@manatt.com
NICHOLAS FRONTERA (State Bar No. 307479)
E-mail: nfrontera@manatt.com
11355 West Olympic Boulevard
Los Angeles, California 90064-1614
Telephone:  (310) 312-4000
Facsimile: (310) 312-4224

*Attorneys for Plaintiff*
TRACY CHAPMAN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY CHAPMAN,<br><br>   Plaintiff,<br><br>  vs.<br><br>ONIKA TANYA MARAJ p/k/a<br>NICKI MINAJ and DOES 1-10,<br><br>   Defendants. | No. 2:18-cv-09088-VAP-SS<br><br>**DISCOVERY MATTER**<br><br>**JOINT STIPULATION REGARDING PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S FURTHER PRODUCTION OF DOCUMENTS**<br><br>Hearing Date:  November 19, 2019<br>Hearing Time:  10:00 a.m.<br><br>Date Filed:   October 22, 2018<br>Discovery Cutoff: February 24, 2020<br>Final Pretrial Conf.: May 18, 2020<br>Trial Date:   May 26, 2020 |

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

J. STIP. RE. PLAINTIFF'S MOTION TO
COMPEL DEFENDANT'S FURTHER
PRODUCTION OF DOCUMENTS

# TABLE OF CONTENTS

**Page**

I.   CHAPMAN'S INTRODUCTORY STATEMENT ........................................ 1

II.  MARAJ'S INTRODUCTORY STATEMENT ............................................ 4

III. DOCUMENT REQUESTS AT ISSUE .......................................................... 4

    Taylor Document Requests .......................................................... 5

    Roberson Document Requests ...................................................... 12

IV.  CHAPMAN'S POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ................................................................................ 30

    A.   Relevant Factual and Procedural Background .................................... 30

    B.   Maraj Had a Duty, But Failed, to Produce the Taylor Documents .... 32

    C.   Maraj Had a Duty, But Failed, to Produce Roberson's Documents Because She Had Legal Control Over Them ................. 41

V.   MARAJ'S POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO COMPEL ................................................................................ 44

    A.   Maraj Timely Responded to the Requests for Production ................. 45

    B.   The Roberson Documents Are Not in Maraj's Possession, Custody, or Control ................................................................................ 45

    C.   The Taylor Documents Are Protected Work Product ........................ 48

1    Pursuant to Rule 37 of the Federal Rules of Civil Procedure (the "Federal

2    Rules") and Local Rule 37-1 of the Local Rules of the Central District of

3    California, Plaintiff Tracy Chapman ("Chapman"), on the one hand, and Defendant

4    Onika Tanya Maraj p/k/a Nicki Minaj's ("Maraj"), on the other hand, respectfully

5    submit the following Joint Stipulation Regarding Plaintiff's Motion to Compel

6    Defendant's Further Production of Documents (the "Joint Stipulation").  Although

7    counsel for the parties did not meet and confer in person, the Parties submit this

8    Joint Stipulation at the direction of the Court following the informal discovery

9    conference held on October 7, 2019.

10   ## I.    CHAPMAN'S INTRODUCTORY STATEMENT

11   When it comes to discovery, Maraj's *modus operandi* is to ignore, delay, and

12   avoid.  As the Court is aware, Maraj first ignored Chapman's interrogatories,

13   requests for admission, requests for production (collectively, the "Requests") and

14   deposition notice for *months*.  Then, Maraj delayed responding to the Requests,

15   producing documents, or sitting for her deposition until she was ordered to do so by

16   the Court after an informal discovery conference addressing her delay.  (Dkt. 28)

17   Following the order, Maraj produced only a minimal number of documents,

18   including just one document that had her correspondence, and later belatedly

19   acknowledged at her deposition that she had withheld from her production

20   significant correspondence and other responsive documents that directly relate to

21   Chapman's copyright infringement claim, and the willfulness of Maraj's

22   wrongdoing.  At each turn, Maraj's discovery tactics have unfairly prejudiced

23   Chapman by forcing her to spend time and money to seek redress for Maraj's

24   misconduct, and by depriving Chapman of the discovery to which she is entitled to

25   prove her claims.  Enough is enough.  Maraj should not be permitted to continue to

26   avoid her discovery obligations, and should be compelled to produce the documents

27

28

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

J. STIP. RE. PLAINTIFF'S MOTION TO
COMPEL DEFENDANT'S FURTHER
PRODUCTION OF DOCUMENTS

1   discussed below.[1]

2       Specifically, in her latest effort to preclude Chapman from the discovery to

3   which she is entitled, Maraj refuses to produce (i) her text messages with and a

4   draft declaration sent to third-party Aston George Taylor, Jr. p/k/a Funkmaster Flex

5   ("Taylor") (the "Taylor Documents"); and (ii) discoverable and responsive

6   documents and correspondence maintained by her former manager, Gerald "Gee"

7   Roberson ("Roberson"), or the company for which he works, Blueprint Group, LLC

8   (the "Roberson Documents") (collectively with the Taylor Documents, the

9   "Disputed Documents").[2]   (Gierl Decl. ¶¶ 16-17)  As a result of Maraj's failure to

10  produce the Disputed Documents, Chapman had no choice but to seek again the

11  Court's intervention via an informal discovery conference – the second such

12  conference Chapman has been forced to request.  (Dkts. 25, 31)  During the

13  conference, Maraj requested and received an additional week to consider whether to

14  produce some or all of the Disputed Documents (Gierl Decl. ¶ 16), but ultimately

15  chose not to produce *any* of them.  (*Id.* ¶ 17)  As discussed during the latest

16  conference, Maraj continues to rely on novel – and wholly inapplicable – legal

17  theories to excuse her ongoing refusal to produce the Disputed Documents.  Maraj's

18  arguments go nowhere.

19      *First*, Maraj should be compelled to produce the Taylor Documents because

20  no objection, privilege or other doctrine excuses their production, and even if they

21  did, any such protection has been waived.  Nevertheless, Maraj attempts to justify

22  her refusal to produce the Taylor Documents on the theory that the work product

23  doctrine purportedly protects their disclosure.  Not so.  Although Maraj failed to

24

25  [1] Notwithstanding the then-impending November 30, 2019 discovery cutoff (Dkt.
    18) and the knowledge concerning the prejudice caused by this discovery dispute,
26  Maraj opposed Chapman's request for a brief four-month extension of all case
    deadlines.  (Dkts. 34-35)  The Court ultimately granted, in part, Chapman's request,
27  and extended all deadlines by three months.  (Dkt. 36)

28  [2] Based on these and other admissions, Chapman's counsel left Maraj's deposition
    open.  (Gierl Decl. ¶ 14)

1    produce a privilege log detailing the nature of the withheld Taylor Documents, to

2    the extent any of them only address the underlying facts at issue, rather than legal

3    advice or work product concerning those facts, those documents are, by definition,

4    *not* work product.  With respect to communications with Taylor, the draft

5    declaration he was asked to sign, and any executed copy of the declaration, courts

6    throughout the United States have held that these documents cannot be withheld

7    based on the work product doctrine.  The primary case on which Maraj relies to the

8    contrary, *Schoenmann v. F.D.I.C.*, 7 F. Supp. 3d 1009 (N.D. Cal. 2014), is

9    nonbinding and factually inapposite.  In any event, even if *Schoenmann* were

10   controlling here, and it is not, it nevertheless does not protect the Taylor Documents

11   from production because Maraj and her counsel waived any potential work product

12   protection when she testified openly about the contents of the documents at her

13   deposition *without objection or invocation of the doctrine*.  In fact, Maraj's counsel

14   went so far as to agree to produce the Taylor Documents before backtracking, and

15   belatedly arguing that the work product doctrine protects their production.  Further,

16   unlike in *Schoenmann*, the Taylor Documents are not only relevant to this case, but

17   Chapman has a substantial need for them that would outweigh any qualified work

18   product protection.  In particular, the Taylor Documents are crucial to determining

19   whether Maraj violated Chapman's copyright by distributing the Infringing Work to

20   Taylor – a key element that goes directly to Chapman's infringement claim, and the

21   willfulness of Maraj's wrongdoing.  Accordingly, the Taylor Documents are not

22   protected by the work product doctrine, and Maraj should be compelled to produce

23   them.

24        *Second*, Maraj similarly should be compelled to produce the Roberson

25   Documents because they were within her control and she had the right, and

26   obligation, to produce them.  Specifically, because the Roberson Documents were

27   created during the time when Roberson managed Maraj and was her agent, she has

28   a "legal right" to demand those documents and was obligated to produce them.

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

3

J. STIP. RE. PLAINTIFF'S MOTION TO
COMPEL DEFENDANT'S FURTHER
PRODUCTION OF DOCUMENTS

Notwithstanding her discovery obligations, she failed to produce – or even seek from Roberson – the documents.  As a result of Maraj's failure to produce the Roberson Documents (especially in advance of her deposition), Chapman has been unfairly prejudiced.  Accordingly, this Court should order Maraj to produce the Roberson Documents immediately.

Accordingly, and as discussed in more detail in Section IV below, Maraj should be compelled to produce all of the Disputed Documents no later than 24 hours following the Court's ruling on Chapman's motion to compel.

## II.     MARAJ'S INTRODUCTORY STATEMENT

The present motion constitutes an unfortunate waste of the parties' and the Court's resources.  Chapman distorts the background of the dispute, falsely alleging that Maraj failed to timely respond to the requests for production—the sole discovery materials at issue herein.  She then proceeds to argue that Maraj should be compelled to produce the Roberson Documents, which are not in her possession, and which are the substance of a currently pending third party subpoena to the relevant parties pursuant to a plan *suggested by the court for the specific purposes of obviating the need for this motion* at the October 7 informal discovery conference.  Finally, she seeks to compel the production of materials that are protected under the work product doctrine's fundamental, baseline principles, based on arguments that reflect a significant misunderstanding of the rule.  Her motion should be denied in its entirety.

## III.    DOCUMENT REQUESTS AT ISSUE

The Chapman Requests at issue in this Joint Stipulation and Maraj's original and supplemental responses thereto are set forth in this section.  Unless otherwise noted, Maraj's original responses and supplemental responses are identical.  The subject of Chapman's motion to compel generally addresses two issues.  *First*, Chapman contends that Maraj had a duty, but failed, to produce documents and correspondence maintained by Roberson, and over which she had legal control.

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Los Angeles

4

J. STIP. RE. PLAINTIFF'S MOTION TO
COMPEL DEFENDANT'S FURTHER
PRODUCTION OF DOCUMENTS

1   *Second*, Chapman argues that Maraj had a duty, but failed, to produce text

2   messages with and a draft declaration sent to Taylor.  Each of the foregoing

3   Requests addresses at least one of the two aforementioned categories of documents.

4   Thus, for the convenience of the Court, the parties have not repeated the identical

5   points and authorities after each set of Requests and responses, but rather have set

6   forth their respective arguments in Sections IV and V below.

7   **Taylor Document Requests**

8   REQUEST FOR PRODUCTION NO. 2:

9       All Documents and Communications Concerning this Action.

10  RESPONSE TO REQUEST FOR PRODUCTION NO. 2 and

11  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

12      Maraj objects to this request on the grounds that it is vague and

13  ambiguous, and calls for protected trade secrets and confidential and proprietary

14  business information, as well as information protected by the attorney-client and

15  attorney work-product privileges and by the constitutional right of privacy.

16  Without waiving these objections, Maraj responds that inspection will be allowed as

17  requested, and all documents or things in the requested category that are in the

18  possession, custody, or control of Maraj and to which no objection is being made

19  will be produced.

20  REQUEST FOR PRODUCTION NO. 5:

21      All Documents and Communications Concerning the Infringing Work.

22  RESPONSE TO REQUEST FOR PRODUCTION NO. 5 and

23  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

24      Maraj objects to this request on the grounds that it is vague, ambiguous, and

25  overbroad, seeks information irrelevant to the present case and not calculated to

26  lead to the discovery of admissible evidence, and calls for protected trade secrets

27  and confidential and proprietary business information, as well as information

28  protected by the attorney-client and attorney work-product privileges and by the

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

5

J. STIP. RE. PLAINTIFF'S MOTION TO
COMPEL DEFENDANT'S FURTHER
PRODUCTION OF DOCUMENTS

constitutional right of privacy.  In addition, Maraj is not aware of any "Infringing

Work."  Without waiving these objections, and assuming that the requested

category relates to the musical composition and recording entitled "Sorry," Maraj

responds that inspection will be allowed as requested, and all documents or things

in the requested category that are in the possession, custody, or control of Maraj

and to which no objection is being made will be produced.

REQUEST FOR PRODUCTION NO. 10:

        All Communications between You and Taylor Concerning the Infringing

Work.

RESPONSE TO REQUEST FOR PRODUCTION NO. 10 and

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

        Maraj objects to this request on the grounds that it is vague, ambiguous, and

overbroad, seeks information irrelevant to the present case and not calculated to

lead to the discovery of admissible evidence, and calls for protected trade secrets

and confidential and proprietary business information.  In addition, Maraj is not

aware of any "Infringing Work."  Without waiving these objections, and assuming

that the requested category relates to the musical composition and recording entitled

"Sorry," Maraj responds that inspection will be allowed as requested, and all

documents or things in the requested category that are in the possession, custody, or

control of Maraj and to which no objection is being made will be produced.

REQUEST FOR PRODUCTION NO. 16:

        All Communications between You and Taylor Concerning the Composition.

RESPONSE TO REQUEST FOR PRODUCTION NO. 16 and

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

        Maraj objects to this request on the grounds that it is vague, ambiguous, and

overbroad, seeks information irrelevant to the present case and not calculated to

lead to the discovery of admissible evidence, and calls for protected trade secrets

and confidential and proprietary business information, as well as information

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

6

J. STIP. RE. PLAINTIFF'S MOTION TO
COMPEL DEFENDANT'S FURTHER
PRODUCTION OF DOCUMENTS

1  protected by the attorney-client and attorney work-product privileges and by the

2  constitutional right of privacy.  Without waiving these objections, Maraj responds

3  that inspection will be allowed as requested, and all documents or things in the

4  requested category that are in the possession, custody, or control of Maraj and to

5  which no objection is being made will be produced.

6  REQUEST FOR PRODUCTION NO. 17:

7       All Communications between You and any other Person Concerning the

8  Composition.

9  RESPONSE TO REQUEST FOR PRODUCTION NO. 17 and

10  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

11       Maraj objects to this request on the grounds that it is vague, ambiguous, and

12  overbroad, seeks information irrelevant to the present case and not calculated to

13  lead to the discovery of admissible evidence, and calls for protected trade secrets

14  and confidential and proprietary business information, as well as information

15  protected by the attorney-client and attorney work-product privileges and by the

16  constitutional right of privacy.  Without waiving these objections, Maraj responds

17  that inspection will be allowed as requested, and all documents or things in the

18  requested category that are in the possession, custody, or control of Maraj and to

19  which no objection is being made will be produced.

20  REQUEST FOR PRODUCTION NO. 21:

21       All Communications between You and Taylor Concerning any potential legal

22  defenses against any of Plaintiff's allegations in the Complaint.

23  RESPONSE TO REQUEST FOR PRODUCTION NO. 21 and

24  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

25       Maraj objects to this request on the grounds that it is vague, ambiguous, and

26  overbroad, seeks information irrelevant to the present case and not calculated to

27  lead to the discovery of admissible evidence, and calls for protected trade secrets

28  and confidential and proprietary business information, as well as information

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

7

J. STIP. RE. PLAINTIFF'S MOTION TO
COMPEL DEFENDANT'S FURTHER
PRODUCTION OF DOCUMENTS

protected by the attorney-client and attorney work-product privileges and by the constitutional right of privacy.  Without waiving these objections, Maraj responds that inspection will be allowed as requested, and all documents or things in the requested category that are in the possession, custody, or control of Maraj and to which no objection is being made will be produced.

REQUEST FOR PRODUCTION NO. 34:

All Documents and Communications Concerning Communications with any Person who currently has or who has ever had a copy of the Infringing Work.

RESPONSE TO REQUEST FOR PRODUCTION NO. 34 and

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 34:

Maraj objects to this request on the grounds that it is vague, ambiguous, and overbroad, seeks information irrelevant to the present case and not calculated to lead to the discovery of admissible evidence, and calls for information protected by the attorney-client and attorney work-product privileges and by the constitutional right of privacy.  In addition, Maraj is not aware of any "Infringing Work," but notes that videos containing the sound recording entitled "Sorry" are publicly available on the internet.

REQUEST FOR PRODUCTION NO. 35:

All Documents and Communications Concerning the means by which Taylor obtained a copy of the Infringing Work.

RESPONSE TO REQUEST FOR PRODUCTION NO. 35 and

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 35:

Maraj objects to this request on the grounds that it is vague, ambiguous, and overbroad, and seeks information protected by the attorney-client and attorney work-product privileges and by the constitutional right of privacy.  In addition, Maraj is not aware of any "Infringing Work."  Without waiving these objections, and assuming that the requested category related to the musical composition and

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

8

J. STIP. RE. PLAINTIFF'S MOTION TO
COMPEL DEFENDANT'S FURTHER
PRODUCTION OF DOCUMENTS

1  recording entitled "Sorry," Maraj responds that she cannot comply with this request

2  because she is aware of no documents or communications responsive to it.

3  REQUEST FOR PRODUCTION NO. 37:

4      All Documents and Communications Concerning Taylor's playing of the

5  Infringing Work on his radio show.

6  RESPONSE TO REQUEST FOR PRODUCTION NO. 37 and

7  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 37:

8      Maraj objects to this request on the grounds that it is vague, ambiguous, and

9  overbroad, seeks information irrelevant to the present case and not calculated to

10  lead to the discovery of admissible evidence, and seeks information protected by

11  the attorney-client and attorney work-product privileges.  In addition, Maraj is not

12  aware of any "Infringing Work."  Without waiving these objections, and assuming

13  that the requested category relates to the musical composition and recording entitled

14  "Sorry," Maraj responds that inspection will be allowed as requested, and all

15  documents or things in the requested category that are in the possession, custody, or

16  control of Maraj and to which no objection is being made will be produced.

17  REQUEST FOR PRODUCTION NO. 59:

18      All Documents and Communications other than those requested above

19  Concerning Plaintiff's claim of copyright infringement in connection with the

20  Infringing Work.

21  RESPONSE TO REQUEST FOR PRODUCTION NO. 59 and

22  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 59:

23      Maraj objects to this request on the grounds that it is vague, ambiguous, and

24  overbroad, seeks information irrelevant to the present case and not calculated to

25  lead to the discovery of admissible evidence, and calls for protected trade secrets

26  and confidential and proprietary business information, as well as information

27  protected by the attorney-client and attorney work-product privileges and by the

28  constitutional right of privacy.  In addition, Maraj is not aware of any "Infringing

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

9

J. STIP. RE. PLAINTIFF'S MOTION TO
COMPEL DEFENDANT'S FURTHER
PRODUCTION OF DOCUMENTS

1  Work." Without waiving these objections, and assuming that the requested

2  category relates to the musical composition and recording entitled "Sorry," Maraj

3  responds that inspection will be allowed as requested, and all documents or things

4  in the requested category that are in the possession, custody, or control of Maraj

5  and to which no objection is being made will be produced.

6  REQUEST FOR PRODUCTION NO. 64:

7       All Documents and Communications other than those requested above

8  Concerning the Composition.

9  RESPONSE TO REQUEST FOR PRODUCTION NO. 64 and

10 SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 64:

11      Maraj objects to this request on the grounds that it is vague, ambiguous, and

12 overbroad, seeks information irrelevant to the present case and not calculated to

13 lead to the discovery of admissible evidence, and calls for protected trade secrets

14 and confidential and proprietary business information, as well as information

15 protected by the attorney-client and attorney work-produce privileges and by the

16 constitutional right of privacy. Without waiving these objections, Maraj responds

17 that inspection will be allowed as requested, and all documents or things in the

18 requested category that are in the possession, custody, or control of Maraj and to

19 which no objection is being made will be produced.

20 REQUEST FOR PRODUCTION NO. 65:

21      All Documents and Communications other than those requested above

22 Concerning the Infringing Work.

23 RESPONSE TO REQUEST FOR PRODUCTION NO. 65 and

24 SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 65:

25      Maraj objects to this request on the grounds that it is vague, ambiguous, and

26 overbroad, seeks information irrelevant to the present case and not calculated to

27 lead to the discovery of admissible evidence, and calls for protected trade secrets

28 and confidential and proprietary business information, as well as information

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

10

J. STIP. RE. PLAINTIFF'S MOTION TO
COMPEL DEFENDANT'S FURTHER
PRODUCTION OF DOCUMENTS

protected by the attorney-client and attorney work-product privileges and by the constitutional right of privacy.  In addition, Maraj is not aware of any "Infringing Work."  Without waiving these objections, and assuming that the requested category relates to the musical composition and recording entitled "Sorry," Maraj responds that inspection will be allowed as requested, and all documents or things in the requested category that are in the possession, custody, or control of Maraj and to which no objection is being made will be produced.

REQUEST FOR PRODUCTION NO. 66:

All Documents and Communications other than those requested above Concerning Plaintiff.

RESPONSE TO REQUEST FOR PRODUCTION NO. 66 and

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 66:

Maraj objects to this request on the grounds that it is vague, ambiguous, and overbroad, seeks information irrelevant to the present case and not calculated to lead to the discovery of admissible evidence, and calls for information protected by the attorney-client and attorney work-product privileges and by the constitutional right of privacy.  Without waiving these objections, Maraj responds that inspection will be allowed as requested, and all documents or things in the requested category that are in the possession, custody, or control of Maraj and to which no objection is being made will be produced.

REQUEST FOR PRODUCTION NO. 67:

All Documents and Communications other than those requested above that You intend to or may rely upon in this Action.

RESPONSE TO REQUEST FOR PRODUCTION NO. 67 and

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 67:

Maraj objects to this request on the grounds that it is vague, ambiguous, and overbroad, and seeks information protected by the attorney-client and attorney work-product privileges and by the constitutional right of privacy.  Without

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

11

J. STIP. RE. PLAINTIFF'S MOTION TO
COMPEL DEFENDANT'S FURTHER
PRODUCTION OF DOCUMENTS

1  waiving these objections, Maraj responds that inspection will be allowed as

2  requested, and all documents or things in the requested category that are in the

3  possession, custody, or control of Maraj and to which no objection is being made

4  will be produced.

5  **Roberson Document Requests**

6  REQUEST FOR PRODUCTION NO. 1:

7       All Documents and Communications identified in Your Initial Disclosures.

8  RESPONSE TO REQUEST FOR PRODUCTION NO. 1 and

9  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

10      All documents or things in the requested category that are in the possession,

11  custody, or control of Maraj will be produced.

12  REQUEST FOR PRODUCTION NO. 2:

13      All Documents and Communications Concerning this Action.

14  RESPONSE TO REQUEST FOR PRODUCTION NO. 2 and

15  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

16      Maraj objects to this request on the grounds that it is vague and

17  ambiguous, and calls for protected trade secrets and confidential and proprietary

18  business information, as well as information protected by the attorney-client and

19  attorney work-product privileges and by the constitutional right of privacy.

20  Without waiving these objections, Maraj responds that inspection will be allowed as

21  requested, and all documents or things in the requested category that are in the

22  possession, custody, or control of Maraj and to which no objection is being made

23  will be produced.

24  REQUEST FOR PRODUCTION NO. 3:

25      All Documents and Communications Concerning Plaintiff.

26  RESPONSE TO REQUEST FOR PRODUCTION NO. 3 and

27  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

28      Maraj objects to this request on the grounds that it is vague, ambiguous,

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

12

J. STIP. RE. PLAINTIFF'S MOTION TO
COMPEL DEFENDANT'S FURTHER
PRODUCTION OF DOCUMENTS

1   and overbroad, seeks information irrelevant to the present case and not

2   calculated to lead to the discovery of admissible evidence, and calls for

3   protected trade secrets and confidential and proprietary business information,

4   as well as information protected by the attorney-client and attorney work-

5   product privileges and by the constitutional right of privacy.  Without waiving

6   these objections, Maraj responds that inspection will be allowed as requested,

7   and all documents or things in the requested category that are in the

8   possession, custody, or control of Maraj and to which no objection is being

9   made will be produced.

10  REQUEST FOR PRODUCTION NO. 4:

11      All Documents and Communications Concerning the Composition.

12  RESPONSE TO REQUEST FOR PRODUCTION NO. 4 and

13  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

14      Maraj objects to this request on the grounds that it is vague, ambiguous,

15  and overbroad, seeks information irrelevant to the present case and not calculated

16  to lead to the discovery of admissible evidence, and calls for protected trade

17  secrets and confidential and proprietary business information, as well as

18  information protected by the attorney-client and attorney work-product privileges

19  by the constitutional right of privacy.  Without waiving these objections, Maraj

20  responds that inspection be as requested, and documents or things the requested

21  category that are in the possession, custody, or control of Maraj and to which no

22  objection is being made will be produced.

23  REQUEST FOR PRODUCTION NO. 5:

24      All Documents and Communications Concerning the Infringing Work.

25  RESPONSE TO REQUEST FOR PRODUCTION NO. 5 and

26  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

27      Maraj objects to this request on the grounds that it is vague, ambiguous, and

28  overbroad, seeks information irrelevant to the present case and not calculated to

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

13

J. STIP. RE. PLAINTIFF'S MOTION TO
COMPEL DEFENDANT'S FURTHER
PRODUCTION OF DOCUMENTS

1  lead to the discovery of admissible evidence, and calls for protected trade secrets

2  and confidential and proprietary business information, as well as information

3  protected by the attorney-client and attorney work-product privileges and by the

4  constitutional right of privacy.  In addition, Maraj is not aware of any "Infringing

5  Work."  Without waiving these objections, and assuming that the requested

6  category relates to the musical composition and recording entitled "Sorry," Maraj

7  responds that inspection will be allowed as requested, and all documents or things

8  in the requested category that are in the possession, custody, or control of Maraj

9  and to which no objection is being made will be produced.

10  REQUEST FOR PRODUCTION NO. 6:

11      All Communications between You and Roberson Concerning the Infringing

12  Work.

13  RESPONSE TO REQUEST FOR PRODUCTION NO. 6 and

14  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

15      Maraj objects to this request on the grounds that it is vague, ambiguous, and

16  overbroad, seeks information irrelevant to the present case and not calculated to

17  lead to the discovery of admissible evidence, and calls for protected trade secrets

18  and confidential and proprietary business information, as well as information

19  protected by the attorney-client and attorney work-product privileges and by the

20  constitutional right of privacy.  In addition, Maraj is not aware of any "Infringing

21  Work."  Without waiving these objections, and assuming that the requested

22  category relates to the musical composition and recording entitled "Sorry," Maraj

23  responds that inspection will be allowed as requested, and all documents or things

24  in the requested category that are in the possession, custody, or control of Maraj

25  and to which no objection is being made will be produced.

26  REQUEST FOR PRODUCTION NO. 7:

27      All Communications between You and Mannis-Gardner Concerning the

28  Infringing Work.

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Los Angeles

14

J. STIP. RE. PLAINTIFF'S MOTION TO
COMPEL DEFENDANT'S FURTHER
PRODUCTION OF DOCUMENTS

RESPONSE TO REQUEST FOR PRODUCTION NO. 7 and

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

Maraj objects to this request on the grounds that it is vague, ambiguous, and overbroad, seeks information irrelevant to the present case and not calculated to lead to the discovery of admissible evidence, and calls for protected trade secrets and confidential and proprietary business information.  In addition, Maraj is not aware of any "Infringing Work."  Without waiving these objections, and assuming that the requested category relates to the musical composition and recording entitled "Sorry," Maraj responds that inspection will be allowed as requested, and all documents or things in the requested category that are in the possession, custody, or control of Maraj and to which no objection is being made will be produced.

REQUEST FOR PRODUCTION NO. 8:

All Communications between You and Bittenbender Concerning the Infringing Work.

RESPONSE TO REQUEST FOR PRODUCTION NO. 8 and

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

Maraj objects to this request on the grounds that it is vague, ambiguous, and overbroad, seeks information irrelevant to the present case and not calculated to lead to the discovery of admissible evidence, and calls for protected trade secrets and confidential and proprietary business information, as well as information protected by the attorney-client and attorney work-product privileges and by the constitutional right of privacy.  In addition, Maraj is not aware of any "Infringing Work."  Without waiving these objections, and assuming that the requested category relates to the musical composition and recording entitled "Sorry," Maraj responds that inspection will be allowed as requested, and all documents or things in the requested category that are in the possession, custody, or control of Maraj and to which no objection is being made will be produced.

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Los Angeles

15

J. STIP. RE. PLAINTIFF'S MOTION TO
COMPEL DEFENDANT'S FURTHER
PRODUCTION OF DOCUMENTS

1  REQUEST FOR PRODUCTION NO. 9:

2      All Communications between You and Berkman Concerning the Infringing

3  Work.

4  RESPONSE TO REQUEST FOR PRODUCTION NO. 9 and

5  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

6      Maraj objects to this request on the grounds that it is vague, ambiguous, and

7  overbroad, seeks information irrelevant to the present case and not calculated to

8  lead to the discovery of admissible evidence, and calls for protected trade secrets

9  and confidential and proprietary business information, as well as information

10  protected by the attorney-client and attorney work-product privileges and by the

11  constitutional right of privacy.  In addition, Maraj is not aware of any "Infringing

12  Work."  Without waiving these objections, and assuming that the requested

13  category relates to the musical composition and recording entitled "Sorry," Maraj

14  responds that inspection will be allowed as requested, and all documents or things

15  in the requested category that are in the possession, custody, or control of Maraj

16  and to which no objection is being made will be produced.

17  REQUEST FOR PRODUCTION NO. 11:

18      All Communications between You and any other Person Concerning the

19  Composition.

20  RESPONSE TO REQUEST FOR PRODUCTION NO. 11 and

21  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

22      Maraj objects to this request on the grounds that it is vague, ambiguous, and

23  overbroad, seeks information irrelevant to the present case and not calculated to

24  lead to the discovery of admissible evidence, and calls for protected trade secrets

25  and confidential and proprietary business information, as well as information

26  protected by the attorney-client and attorney work-product privileges and by the

27  constitutional right of privacy.  Without waiving these objections, Maraj responds

28  that inspection will be allowed as requested, and all documents or things in the

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

16

J. STIP. RE. PLAINTIFF'S MOTION TO
COMPEL DEFENDANT'S FURTHER
PRODUCTION OF DOCUMENTS

1  requested category that are in the possession, custody, or control of Maraj and to

2  which no objection is being made will be produced.

3  REQUEST FOR PRODUCTION NO. 12:

4       All Communications between You and Roberson Concerning the

5  Composition.

6  RESPONSE TO REQUEST FOR PRODUCTION NO. 12 and

7  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

8       Maraj objects to this request on the grounds that it is vague, ambiguous, and

9  overbroad, seeks information irrelevant to the present case and not calculated to

10  lead to the discovery of admissible evidence, and calls for protected trade secrets

11  and confidential and proprietary business information, as well as information

12  protected by the attorney-client and attorney work-product privileges and by the

13  constitutional right of privacy.  Without waiving these objections, Maraj responds

14  that inspection will be allowed as requested, and all documents or things in the

15  requested category that are in the possession, custody, or control of Maraj and to

16  which no objection is being made will be produced.

17  REQUEST FOR PRODUCTION NO. 13:

18       All Communications between You and Mannis-Gardner Concerning the

19  Composition.

20  RESPONSE TO REQUEST FOR PRODUCTION NO. 13 and

21  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

22       Maraj objects to this request on the grounds that it is vague, ambiguous, and

23  overbroad, seeks information irrelevant to the present case and not calculated to

24  lead to the discovery of admissible evidence, and calls for protected trade secrets

25  and confidential and proprietary business information, as well as information

26  protected by the attorney-client and attorney work-product privileges and by the

27  constitutional right of privacy.  Without waiving these objections, Maraj responds

28  that inspection will be allowed as requested, and all documents or things in the

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

17

J. STIP. RE. PLAINTIFF'S MOTION TO
COMPEL DEFENDANT'S FURTHER
PRODUCTION OF DOCUMENTS

1  requested category that are in the possession, custody, or control of Maraj and to

2  which no objection is being made will be produced.

3  REQUEST FOR PRODUCTION NO. 14:

4      All Communications between You and Bittenbender Concerning the

5  Composition.

6  RESPONSE TO REQUEST FOR PRODUCTION NO. 14 and

7  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

8      Maraj objects to this request on the grounds that it is vague, ambiguous, and

9  overbroad, seeks information irrelevant to the present case and not calculated to

10  lead to the discovery of admissible evidence, and calls for protected trade secrets

11  and confidential and proprietary business information, as well as information

12  protected by the attorney-client and attorney work-product privileges and by the

13  constitutional right of privacy.  Without waiving these objections, Maraj responds

14  that inspection will be allowed as requested, and all documents or things in the

15  requested category that are in the possession, custody, or control of Maraj and to

16  which no objection is being made will be produced.

17  REQUEST FOR PRODUCTION NO. 15:

18      All Communications between You and Berkman Concerning the

19  Composition.

20  RESPONSE TO REQUEST FOR PRODUCTION NO. 15 and

21  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

22      Maraj objects to this request on the grounds that it is vague, ambiguous, and

23  overbroad, seeks information irrelevant to the present case and not calculated to

24  lead to the discovery of admissible evidence, and calls for protected trade secrets

25  and confidential and proprietary business information, as well as information

26  protected by the attorney-client and attorney work-product privileges and by the

27  constitutional right of privacy.  Without waiving these objections, Maraj responds

28  that inspection will be allowed as requested, and all documents or things in the

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

18

J. STIP. RE. PLAINTIFF'S MOTION TO
COMPEL DEFENDANT'S FURTHER
PRODUCTION OF DOCUMENTS

1  requested category that are in the possession, custody, or control of Maraj and to
2  which no objection is being made will be produced.

3  REQUEST FOR PRODUCTION NO. 17:

4      All Communications between You and any other Person Concerning the
5  Composition.

6  RESPONSE TO REQUEST FOR PRODUCTION NO. 17 and
7  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

8      Maraj objects to this request on the grounds that it is vague, ambiguous, and
9  overbroad, seeks information irrelevant to the present case and not calculated to
10 lead to the discovery of admissible evidence, and calls for protected trade secrets
11 and confidential and proprietary business information, as well as information
12 protected by the attorney-client and attorney work-product privileges and by the
13 constitutional right of privacy.  Without waiving these objections, Maraj responds
14 that inspection will be allowed as requested, and all documents or things in the
15 requested category that are in the possession, custody, or control of Maraj and to
16 which no objection is being made will be produced.

17 REQUEST FOR PRODUCTION NO. 22:

18     All Documents and Communications Concerning the Creation of the
19 Infringing Work, including, without limitation, all written compositions, sheet
20 music, lyric sheets, demo and other preparatory recordings, and final recordings.

21 RESPONSE TO REQUEST FOR PRODUCTION NO. 22 and
22 SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

23     Maraj objects to this request on the grounds that it is vague, ambiguous, and
24 overbroad, seeks information irrelevant to the present case and not calculated to
25 lead to the discovery of admissible evidence, and calls for protected trade secrets
26 and confidential and proprietary business information, as well as information
27 protected by the attorney-client and attorney work-product privileges and by the
28 constitutional right of privacy.  In addition, Maraj is not aware of any "Infringing

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

19

J. STIP. RE. PLAINTIFF'S MOTION TO
COMPEL DEFENDANT'S FURTHER
PRODUCTION OF DOCUMENTS

Work." Without waiving these objections, and assuming that the requested category relates to the musical composition and recording entitled "Sorry," Maraj responds that inspection will be allowed as requested, and all documents or things in the requested category that are in the possession, custody, or control of Maraj and to which no objection is being made will be produced.

REQUEST FOR PRODUCTION NO. 23:

All Documents and Communications Concerning the Creation of the Infringing Work other than those requested above.

RESPONSE TO REQUEST FOR PRODUCTION NO. 23 and

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

Maraj objects to this request on the grounds that it is vague, ambiguous, and overbroad, seeks information irrelevant to the present case and not calculated to lead to the discovery of admissible evidence, and calls for protected trade secrets and confidential and proprietary business information, as well as information protected by the attorney-client and attorney work-product privileges and by the constitutional right of privacy. In addition, Maraj is not aware of any "Infringing Work." Without waiving these objections, and assuming that the requested category relates to the musical composition and recording entitled "Sorry," Maraj responds that inspection will be allowed as requested, and all documents or things in the requested category that are in the possession, custody, or control of Maraj and to which no objection is being made will be produced.

REQUEST FOR PRODUCTION NO. 24:

All Communications between You and/or your representatives, on the one hand, and Plaintiff and/or Plaintiff's representatives, on the other hand, Concerning the Creation of the Infringing Work.

RESPONSE TO REQUEST FOR PRODUCTION NO. 24 and

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

1    Maraj objects to this request on the grounds that it is vague and ambiguous.

2    Maraj is not aware of any "Infringing Work." Without waiving these objections,

3    and assuming that the requested category relates to the musical composition and

4    recording entitled "Sorry," Maraj responds that inspection will be allowed as

5    requested, and all documents or things in the requested category that are in the

6    possession, custody, or control of Maraj and to which no objection is being made

7    will be produced.

8    REQUEST FOR PRODUCTION NO. 25:

9    All Communications between You and/or your representatives, on the one

10   hand, and any Person other than Plaintiff and/or Plaintiff's representatives, on the

11   other hand, Concerning the Creation of the Infringing Work.

12   RESPONSE TO REQUEST FOR PRODUCTION NO. 25 and

13   SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 25:

14   Maraj objects to this request on the grounds that it is vague, ambiguous, and

15   overbroad, seeks information irrelevant to the present case and not calculated to

16   lead to the discovery of admissible evidence, and calls for protected trade secrets

17   and confidential and proprietary business information, as well as information

18   protected by the attorney-client and attorney work-product privileges and by the

19   constitutional right of privacy. In addition, Maraj is not aware of any "Infringing

20   Work." Without waiving these objections, and assuming that the requested

21   category relates to the musical composition and recording entitled "Sorry," Maraj

22   responds that inspection will be allowed as requested, and all documents or things

23   in the requested category that are in the possession, custody, or control of Maraj

24   and to which no objection is being made will be produced.

25   REQUEST FOR PRODUCTION NO. 26:

26   All reference or inspiration materials that You considered, reviewed, or relied

27   on in creating the Infringing Work, including, without limitation, other musical

28   compositions and sound recordings.

21

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 26 and

2  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

3        Maraj objects to this request on the grounds that it is vague and ambiguous.

4  Maraj is not aware of any "Infringing Work."  Without waiving these objections,

5  and assuming that the requested category relates to the musical composition and

6  recording entitled "Sorry," Maraj responds that inspection will be allowed as

7  requested, and all documents or things in the requested category that are in the

8  possession, custody, or control of Maraj and to which no objection is being made

9  will be produced.

10  REQUEST FOR PRODUCTION NO. 27:

11        All Documents and Communications Concerning any discussions with

12  Mannis-Gardner and/or representatives of DMG Clearances, Inc. Concerning the

13  potential or requested Licensing of the Composition for use in the Infringing Work.

14  RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

15        Maraj objects to this request on the grounds that it is vague, ambiguous, and

16  overbroad, seeks information irrelevant to the present case and not calculated to

17  lead to the discovery of admissible evidence, and calls for protected trade secrets

18  and confidential and proprietary business information, as well as information

19  protected by the attorney-client and attorney work-product privileges and by the

20  constitutional right of privacy.

21  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

22        Maraj objects to this request on the grounds that it is vague, ambiguous, and

23  overbroad, seeks information irrelevant to the present case and not calculated to

24  lead to the discovery of admissible evidence, and calls for protected trade secrets

25  and confidential and proprietary business information, as well as information

26  protected by the attorney-client and attorney work-product privileges and by the

27  constitutional right of privacy.  In addition, Maraj is not aware of any "Infringing

28  Work."  Without waiving these objections, and assuming that the requested

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

22

J. STIP. RE. PLAINTIFF'S MOTION TO
COMPEL DEFENDANT'S FURTHER
PRODUCTION OF DOCUMENTS

1  category relates to the musical composition and recording entitled "Sorry," Maraj

2  responds that inspection will be allowed as requested, and all documents or things

3  in the requested category that are in the possession, custody, or control of Maraj to

4  which no objection is being made will be produced.

5  REQUEST FOR PRODUCTION NO. 28:

6      All Documents and Communications Concerning any discussions with

7  Plaintiff and/or Plaintiff's representatives Concerning the potential or requested

8  Licensing of the Composition for use in the Infringing Work.

9  RESPONSE TO REQUEST FOR PRODUCTION NO. 28 and

10  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

11      Maraj objects to this request on the grounds that it is vague, ambiguous, and

12  overbroad, seeks information irrelevant to the present case and not calculated to

13  lead to the discovery of admissible evidence, and calls for protected trade secrets

14  and confidential and proprietary business information, as well as information

15  protected by the attorney-client and attorney work-product privileges and by the

16  constitutional right of privacy.  In addition, Maraj is not aware of any "Infringing

17  Work."  Without waiving these objections, and assuming that the requested

18  category relates to the musical composition and recording entitled "Sorry," Maraj

19  responds that inspection will be allowed as requested, and all documents or things

20  in the requested category that are in the possession, custody, or control of Maraj

21  and to which no objection is being made will be produced.

22  REQUEST FOR PRODUCTION NO. 30:

23      All Documents and Communications Concerning any and all Licenses sought

24  or obtained for the Infringing Work other than those requested above.

25  RESPONSE TO REQUEST FOR PRODUCTION NO. 30 and

26  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 30:

27      Maraj objects to this request on the grounds that it is duplicative, vague,

28  ambiguous, and overbroad, seeks information irrelevant to the present case and not

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

23

J. STIP. RE. PLAINTIFF'S MOTION TO
COMPEL DEFENDANT'S FURTHER
PRODUCTION OF DOCUMENTS

1  calculated to lead to the discovery of admissible evidence, and calls for protected

2  trade secrets and confidential and proprietary business information, as well as

3  information protected by the attorney-client and attorney work-product privileges

4  and by the constitutional right of privacy.  In addition, Maraj is not aware of any

5  "Infringing Work."  Without waiving these objections, and assuming that the

6  requested category relates to the musical composition and recording entitled

7  "Sorry," Maraj responds that inspection will be allowed as requested, and all

8  documents or things in the requested category that are in the possession, custody, or

9  control of Maraj and to which no objection is being made will be produced.

10  REQUEST FOR PRODUCTION NO. 31:

11      All Documents and Communications Concerning Plaintiff's response(s) to

12  requests to License her musical works, including the Composition.

13  RESPONSE TO REQUEST FOR PRODUCTION NO. 31 and

14  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

15      Maraj objects to this request on the grounds that it is vague, ambiguous, and

16  overbroad, seeks information irrelevant to the present case and not calculated to

17  lead to the discovery of admissible evidence, and calls for protected trade secrets

18  and confidential and proprietary business information, as well as information

19  protected by the attorney-client and attorney work-product privileges and by the

20  constitutional right of privacy.  Without waiving these objections, Maraj responds

21  that inspection will be allowed as requested, and all documents or things in the

22  requested category that are in the possession, custody, or control of Maraj and to

23  which no objection is being made will be produced.

24  REQUEST FOR PRODUCTION NO. 33:

25      All Communications with Plaintiff and/or Plaintiff's representatives.

26  RESPONSE TO REQUEST FOR PRODUCTION NO. 33 and

27  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 33:

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

24

J. STIP. RE. PLAINTIFF'S MOTION TO
COMPEL DEFENDANT'S FURTHER
PRODUCTION OF DOCUMENTS

1   Maraj objects to this request on the grounds that it is vague, ambiguous, and

2   overbroad, and seeks information equally available to Plaintiff as to Maraj.

3   Without waiving these objections, Maraj responds that inspection will be allowed

4   as requested, and all documents or things in the requested category that are in the

5   possession, custody, or control of Maraj and to which no objection is being made

6   will be produced.

7   REQUEST FOR PRODUCTION NO. 39:

8   All Documents and Communications other than those requested above that

9   prove or disprove Your position that the Infringing Work does not infringe

10   Plaintiff's copyright in the Composition.

11   RESPONSE TO REQUEST FOR PRODUCTION NO. 39 and

12   SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 39:

13   Maraj objects to this request on the grounds that it is vague, ambiguous, and

14   overbroad, and calls for information protected by the attorney-client and attorney

15   work-product privileges and by the constitutional right of privacy.  In addition,

16   Maraj is not aware of any "Infringing Work."  Without waiving these objections,

17   and assuming that the requested category relates to the musical composition and

18   recording entitled "Sorry," Maraj responds that inspection will be allowed as

19   requested, and all documents or things in the requested category that are in the

20   possession, custody, or control of Maraj and to which no objection is being made

21   will be produced.

22   REQUEST FOR PRODUCTION NO. 58:

23   All Documents and Communications Concerning any comparisons of and/or

24   comments on the Composition and the Infringing Work.

25   RESPONSE TO REQUEST FOR PRODUCTION NO. 58 and

26   SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 58:

27   Maraj objects to this request on the grounds that it is vague, ambiguous, and

28   overbroad, and calls for information protected by the attorney-client and attorney

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

25

J. STIP. RE. PLAINTIFF'S MOTION TO
COMPEL DEFENDANT'S FURTHER
PRODUCTION OF DOCUMENTS

1  work-product privileges.  In addition, Maraj is not aware of any "Infringing Work."

2  Without waiving these objections, and assuming that the requested category relates

3  to the musical composition and recording entitled "Sorry," Maraj responds that

4  inspection will be allowed as requested, and all documents or things in the

5  requested category that are in the possession, custody, or control of Maraj and to

6  which no objection is being made will be produced.

7  REQUEST FOR PRODUCTION NO. 59:

8      All Documents and Communications other than those requested above

9  Concerning Plaintiff's claim of copyright infringement in connection with the

10  Infringing Work.

11  RESPONSE TO REQUEST FOR PRODUCTION NO. 59 and

12  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 59:

13      Maraj objects to this request on the grounds that it is vague, ambiguous, and

14  overbroad, seeks information irrelevant to the present case and not calculated to

15  lead to the discovery of admissible evidence, and calls for protected trade secrets

16  and confidential and proprietary business information, as well as information

17  protected by the attorney-client and attorney work-product privileges and by the

18  constitutional right of privacy.  In addition, Maraj is not aware of any "Infringing

19  Work."  Without waiving these objections, and assuming that the requested

20  category relates to the musical composition and recording entitled "Sorry," Maraj

21  responds that inspection will be allowed as requested, and all documents or things

22  in the requested category that are in the possession, custody, or control of Maraj

23  and to which no objection is being made will be produced.

24  REQUEST FOR PRODUCTION NO. 60:

25      All Documents and Communications referenced and/or cited in the Answer.

26  RESPONSE TO REQUEST FOR PRODUCTION NO. 60 and

27  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 60:

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

26

J. STIP. RE. PLAINTIFF'S MOTION TO
COMPEL DEFENDANT'S FURTHER
PRODUCTION OF DOCUMENTS

1    Maraj objects to this request on the grounds that it is vague, ambiguous, and

2    overbroad.  Without waiving these objections, Maraj responds that inspection will

3    be allowed as requested, and all documents or things in the requested category that

4    are in the possession, custody, or control of Maraj and to which no objection is

5    being made will be produced.

6    REQUEST FOR PRODUCTION NO. 61:

7    All Documents and Communications other than those requested above

8    Concerning the defenses asserted in the Answer.

9    RESPONSE TO REQUEST FOR PRODUCTION NO. 61 and

10   SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 61:

11   Maraj objects to this request on the grounds that it is vague, ambiguous, and

12   overbroad, and calls for information protected by the attorney-client and attorney

13   work-product privileges.  Without waiving these objections, Maraj responds that

14   inspection will be allowed as requested, and all documents or things in the

15   requested category that are in the possession, custody, or control of Maraj and to

16   which no objection is being made will be produced.

17   REQUEST FOR PRODUCTION NO. 62:

18   A copy of Your recording of the Infringing Work.

19   RESPONSE TO REQUEST FOR PRODUCTION NO. 62 and

20   SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 62:

21   Maraj objects to this request on the grounds that it is vague, ambiguous, and

22   overbroad.  In addition, Maraj is not aware of any "Infringing Work."  Without

23   waiving these objections, and assuming that the requested category relates to the

24   musical composition and recording entitled "Sorry," Maraj responds that inspection

25   will be allowed as requested, and all documents or things in the requested category

26   that are in the possession, custody, or control of Maraj and to which no objection is

27   being made will be produced.

28

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

27

J. STIP. RE. PLAINTIFF'S MOTION TO
COMPEL DEFENDANT'S FURTHER
PRODUCTION OF DOCUMENTS

1  REQUEST FOR PRODUCTION NO. 63:

2      All underlying electronic and audio files used in the Creation of the recording

3  of the Infringing Work, including, without limitation, any ProTools or other music

4  software audio files.

5  RESPONSE TO REQUEST FOR PRODUCTION NO. 63 and

6  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 63:

7      Maraj objects to this request on the grounds that it is vague, ambiguous, and

8  overbroad, and seeks information irrelevant to the present case and not calculated to

9  lead to the discovery of admissible evidence.  In addition, Maraj is not aware of any

10  "Infringing Work."  Without waiving these objections, and assuming that the

11  requested category relates to the musical composition and recording entitled

12  "Sorry," Maraj responds that inspection will be allowed as requested, and all

13  documents or things in the requested category that are in the possession, custody, or

14  control of Maraj and to which no objection is being made will be produced.

15  REQUEST FOR PRODUCTION NO. 64:

16      All Documents and Communications other than those requested above

17  Concerning the Composition.

18  RESPONSE TO REQUEST FOR PRODUCTION NO. 64 and

19  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 64:

20      Maraj objects to this request on the grounds that it is vague, ambiguous, and

21  overbroad, seeks information irrelevant to the present case and not calculated to

22  lead to the discovery of admissible evidence, and calls for protected trade secrets

23  and confidential and proprietary business information, as well as information

24  protected by the attorney-client and attorney work-produce privileges and by the

25  constitutional right of privacy.  Without waiving these objections, Maraj responds

26  that inspection will be allowed as requested, and all documents or things in the

27  requested category that are in the possession, custody, or control of Maraj and to

28  which no objection is being made will be produced.

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Los Angeles

28

J. STIP. RE. PLAINTIFF'S MOTION TO
COMPEL DEFENDANT'S FURTHER
PRODUCTION OF DOCUMENTS

1   REQUEST FOR PRODUCTION NO. 65:

2   　　　All Documents and Communications other than those requested above

3   Concerning the Infringing Work.

4   RESPONSE TO REQUEST FOR PRODUCTION NO. 65 and

5   SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 65:

6   　　　Maraj objects to this request on the grounds that it is vague, ambiguous, and

7   overbroad, seeks information irrelevant to the present case and not calculated to

8   lead to the discovery of admissible evidence, and calls for protected trade secrets

9   and confidential and proprietary business information, as well as information

10  protected by the attorney-client and attorney work-product privileges.  In addition,

11  Maraj is not aware of any "Infringing Work."  Without waiving these objections,

12  and assuming that the requested category relates to the musical composition and

13  recording entitled "Sorry," Maraj responds that inspection will be allowed as

14  requested, and all documents or things in the requested category that are in the

15  possession, custody, or control of Maraj and to which no objection is being made

16  will be produced.

17  REQUEST FOR PRODUCTION NO. 66:

18  　　　All Documents and Communications other than those requested above

19  Concerning Plaintiff.

20  RESPONSE TO REQUEST FOR PRODUCTION NO. 66 and

21  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 66:

22  　　　Maraj objects to this request on the grounds that it is vague, ambiguous, and

23  overbroad, seeks information irrelevant to the present case and not calculated to

24  lead to the discovery of admissible evidence, and calls for information protected by

25  the attorney-client and attorney work-product privileges.  Without waiving these

26  objections, Maraj responds that inspection will be allowed as requested, and all

27  documents or things in the requested category that are in the possession, custody, or

28  control of Maraj and to which no objection is being made will be produced.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

29

J. STIP. RE. PLAINTIFF'S MOTION TO
COMPEL DEFENDANT'S FURTHER
PRODUCTION OF DOCUMENTS

REQUEST FOR PRODUCTION NO. 67:

All Documents and Communications other than those requested above that You intend to or may rely upon in this Action.

RESPONSE TO REQUEST FOR PRODUCTION NO. 67 and

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 67:

Maraj objects to this request on the grounds that it is vague, ambiguous, and overbroad, and seeks information protected by the attorney-client and attorney work-product privileges and by the constitutional right of privacy. Without waiving these objections, Maraj responds that inspection will be allowed as requested, and all documents or things in the requested category that are in the possession, custody, or control of Maraj and to which no objection is being made will be produced.

## IV. CHAPMAN'S POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL

### A. Relevant Factual and Procedural Background

As this Court is aware, Chapman filed this copyright infringement action against Maraj based on Maraj's willful infringement of Chapman's copyright in her musical composition *Baby Can I Hold You* (the "Composition") when Maraj (i) unlawfully recorded her infringing song *Sorry* (the "Infringing Work"); and (ii) thereafter distributed the Infringing Work to third parties, including Taylor, to play on the radio. (*See* Dkt. 1) Following the Court's issuance of the scheduling order (the "Scheduling Order") (Dkt. 18), which set a November 30, 2019 discovery cutoff, Chapman served the Requests.[3] (Gierl Decl. ¶ 4) Before Maraj's responses to the Requests were due, her counsel requested an extension of time to respond until July 12, 2019. (*Id.* ¶ 5) According to Maraj's counsel, they had been unable to get in touch with her for months, making them unable to respond to the

---

[3] The discovery cutoff has since been moved to February 24, 2020. (Dkt. 36)

1   Responses on her behalf.  (*Id.* ¶ 7)  On this basis, Chapman agreed to extend

2   Maraj's time to respond to the Requests until July 12, 2019.  (*Id.* ¶ 5)  In the

3   meantime, on July 9, 2019, Chapman noticed Maraj's deposition for August 12,

4   2019.  (*Id.* ¶ 6)  When the date came due for Maraj's responses to the Requests, she

5   served only "preliminary responses" and objections, which did not include any

6   substantive responses or documents.  (*Id.* ¶ 7)  As a result, Chapman was forced to

7   incur significant legal fees in order to resolve the dispute concerning Maraj's delays

8   and failure to respond.  (*See id.* ¶¶ 8-11)  Following weeks-long meet and confer

9   efforts, Chapman had no choice but to seek judicial intervention from the Court via

10  an informal discovery conference.  (Dkt. 26)  As a result of that conference, which

11  was held on August 19, 2019, Maraj was ordered to substantively respond in

12  writing to the Requests by September 3, 2019; produce all responsive documents by

13  September 6, 2019; and sit for her deposition on September 23, 2019.  (Dkt. 28)

14          On September 6, 2019, more than three months after the Requests were

15  propounded, Maraj produced only 37 pages of documents, only six pages of which

16  included correspondence involving Maraj.  (Gierl Decl. ¶ 13)  Approximately two

17  weeks later, Maraj sat for her deposition.  (*Id.* ¶ 14)  Through Maraj's deposition

18  testimony, Chapman learned that Maraj had failed to produce many requested

19  documents, including, but not limited to, the Taylor Documents and Roberson

20  Documents.  (*Id.*)  Based on these omissions, among several others, Chapman

21  immediately sent a meet and confer letter to Maraj in an effort to expeditiously and

22  informally resolve the dispute.  (Gierl Decl. ¶ 15, Exh. D)  With the exception of

23  producing a handful of additional documents on October 3, 2019 (a week and a half

24  *after* Maraj's deposition), Maraj refused to produce the additional documents

25  requested.  (*Id.* ¶ 16)  As a result, Chapman again had to resort to seeking judicial

26  intervention from the Court via another informal discovery conference on October

27  7, 2019.  (Dkt. 32)  During the second conference, Maraj's counsel requested, and

28  was permitted, to have until October 14, 2019 to reconsider whether to produce

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

31

J. STIP. RE. PLAINTIFF'S MOTION TO
COMPEL DEFENDANT'S FURTHER
PRODUCTION OF DOCUMENTS

certain of the Taylor Documents.  (Gierl Decl. ¶ 16)  On October 14, 2019, Maraj's counsel indicated that they did not have authorization to produce additional documents, necessitating this motion.  (*Id.* ¶ 17)

### B.   Maraj Had a Duty, But Failed, to Produce the Taylor Documents

As discussed above, Maraj objects to producing the Taylor Documents solely on the basis of the purported work product doctrine.  Maraj's arguments in support of her objections do not withstand scrutiny.  She should be compelled to produce the Taylor Documents immediately.

"The work-product rule is not a privilege but a qualified immunity protecting from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation."  *Admiral Ins. v. U.S. Dist. Ct. for Dist. of Arizona*, 881 F.2d 1486, 1494 (9th Cir. 1989) (citing Fed. R. Civ. P. 26(b)(3)).  The work product doctrine only "guard[s] against the divulging of attorney's strategies and legal impressions[;] it does not protect facts concerning the creation of work product or *facts contained within the work product*."  *Garcia v. City of El Centro*, 214 F.R.D. 587, 591 (S.D. Cal. 2003) (emphasis in original) (citations omitted).  As the party asserting the work product doctrine, Maraj "bears the burden of proving that the material withheld meets the standards established for material to be classified as work product."  *Id.*  As demonstrated below, Maraj cannot satisfy her burden.

As a threshold issue, Maraj's failure to adequately identify the nature of the documents that she is withholding is prejudicial.  Pursuant to Rule 26(b)(5) of Federal Rules, any party making a claim regarding work product protection must do so expressly, by describing "the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection."  Fed. R. Civ. P. 26(b)(5).  Maraj has not complied with

this obligation, and instead asserts only generally that all the Taylor Documents constitute attorney work product because they were purportedly made in connection with Maraj's efforts to obtain a declaration from Taylor.[4]  Based on Maraj's failure to adequately describe the nature of the documents she is withholding on the basis of the work product doctrine, Chapman is left to guess at the full scope and subject matter of the withheld Taylor Documents.  Accordingly, and for the sake of clarity, the Taylor Documents include, and Chapman seeks production of, (1) communications, including text messages, between Maraj and Taylor concerning the underlying facts regarding how Taylor obtained a copy of the Infringing Work; (2) communications, including text messages, between Maraj and Taylor concerning the execution of a declaration by Taylor regarding how he obtained the Infringing Work (the "Declaration"); (3) any drafts of the Declaration that Maraj or her attorneys sent to Taylor; and (4) the signed Declaration, if any.  Substantively, Chapman anticipates that Maraj will attempt to satisfy her burden by relying on *Schoenmann*, 7 F. Supp. 3d at 1014 and the few factually inapposite cases cited therein.  Maraj's efforts to satisfy her burden of proving that the Taylor Documents are work product fail for at least the following four reasons.

*First*, insofar as the Taylor Documents may include information, documents, and communications concerning the underlying facts of this case, Maraj cannot rely on the work product doctrine to provide blanket protection for all of the Taylor Documents.  The law is clear that the work product doctrine "does not protect facts concerning the creation of work product or *facts contained within the work product*."  *Garcia*, 214 F.R.D. at 591 (emphasis in original) (citations omitted); *Infosystems, Inc. v. Ceridian Corp.*, 197 F.R.D. 303, 306 (E.D. Mich. 2000) ("[T]he

---

[4] Maraj's failure to produce a privilege log adequately describing the withheld documents is sanctionable.  *See Del Campo v. Am. Corrective Counseling Servs., Inc.*, No. C-01-21151, 2007 WL 4287335, at *3 (N.D. Cal. Dec. 5, 2007) ("failure to produce an adequate privilege log can amount to a waiver of the privileges asserted").

1   work-product doctrine, like the attorney/client privilege, does not protect

2   underlying facts from disclosure."). As this Court has previously held, it is "[o]nly

3   when a party seeking discovery attempts to ascertain facts, which inherently reveal

4   the attorney's mental impression, [that] the work product protection extend[s] to the

5   underlying facts.'" *Madrigal v. Allstate Indem. Co.*, No. CV 14-4242 SS, 2015 WL

6   12748277, at *10 (C.D. Cal. Nov. 5, 2015) (quoting *Garcia*, 214 F.R.D. at 591).

7   Maraj has not made, and cannot make, any showing as to how her communications

8   with Taylor concerning the facts of this case, and in particular how Taylor obtained

9   the Infringing Work, could possibly reveal her attorneys' mental impressions or

10  legal strategy, or otherwise constitute work product.[5] To the contrary, such

11  communications could, among other things, constitute direct evidence of Maraj's

12  knowledge of how Taylor obtained the Infringing Work or Maraj's knowledge of

13  its distribution – ***facts*** that go to the heart of Chapman's claim that Maraj willfully

14  distributed the Infringing Work. Indeed, Maraj cannot insulate these obviously

15  relevant and discoverable communications simply by claiming that they are work

16  product because they may have been made in connection with Maraj's efforts to

17  obtain a declaration from Taylor. In short, any Taylor Documents that include

18  documents or communications between Maraj and Taylor discussing facts

19  concerning the means by which Taylor obtained a copy of the Infringing Work are,

20  by definition, not work product, and must be produced.

21      *Second*, to the extent that the Taylor Documents also may include documents

22  or communications directly pertaining to the Declaration (and *not* simply to the

23  underlying facts of the case), those, too, must be produced because they are not

24  work product. This Court has plainly held that "signed declarations from third

25  party witnesses are not protected work product." *Acosta v. Sw. Fuel Mgmt., Inc.*,

26  _____

27  [5] Admittedly, because Maraj did not produce a privilege log, Chapman cannot
    meaningfully assess how many of such communications exist. To the extent Maraj
28  argues that no such communications exist, Maraj should be required to submit all
    communications between her and Taylor to this Court for an in camera review.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

34

J. STIP. RE. PLAINTIFF'S MOTION TO
COMPEL DEFENDANT'S FURTHER
PRODUCTION OF DOCUMENTS

No. CV 16-4547, 2018 WL 739425, at *3 (C.D. Cal. Feb. 2, 2018), *vacated in part*, 2018 WL 2207997 (C.D. Cal. Feb. 20, 2018); *accord Ford Motor Co. v. Edgewood Props., Inc.*, 257 F.R.D. 418, 422–23 (D.N.J. 2009) (signed third party affidavit not protected because it contained "recitation of facts within the ken of the witness and d[id] not contain the mental impressions or legal theories of counsel"); *Kuhl v. Guitar Ctr. Stores, Inc*., No. 07 C 0214, 2008 WL 5244570, at *6 (N.D. Ill. Dec. 6, 2008) ("Because they do not contain any legal advice, litigation strategy, or confidential communications, this Court cannot determine how the signed Statements could be protected by the work product doctrine or any related privilege"); *Walker v. George Koch Sons, Inc.*, No. CIV. A. 2:07CV274, 2008 WL 4371372, at *5 (S.D. Miss. Sept. 18, 2008) (collecting cases holding that witness affidavits should not be afforded work product protection); *Tuttle v. Tyco Elecs. Installation Servs* ., No. 2:06-cv-581, 2007 WL 4561530, at * 2 (S.D. Ohio Dec. 21, 2007) (signed third party "[a]ffidavits are normally not protected by the work product doctrine"); *Schipp v. Gen'l Motors Corp.*, 457 F. Supp. 2d 917, 924 (E.D. Ark. 2006) ("any verbatim non-party witness statements are neither privileged nor work product and must be produced") (citation omitted); *Dobbs v. Lamonts Apparel, Inc.*, 155 F.R.D. 650, 653 (D. Alaska Mar. 23, 1994) (signed third party affidavits not protected work product because "[w]hat counsel are entitled to protect is their work and their thoughts and their analysis of the case, not the knowledge possessed by third parties").

Similarly, several cases have held that even *draft* third party declarations and communications regarding the same are not protected from disclosure under the work product doctrine because they contain statements of facts, rather than the protectable mental impressions or opinions of counsel. *See, e.g.*, *F.D.I.C. v. Arrillaga-Torrens*, 212 F. Supp. 3d 312 (D.P.R. 2015) (third party affidavits are normally not work product because affidavit purports to be a statement of facts within the personal knowledge of the witness, and not an expression of opinion of

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Los Angeles

35

J. STIP. RE. PLAINTIFF'S MOTION TO
COMPEL DEFENDANT'S FURTHER
PRODUCTION OF DOCUMENTS

counsel); *In re JDS Uniphase Corp. Sec. Litig.*, No. C-02-1486, 2005 WL 6296194, at *2 (N.D. Cal. Sept. 23, 2005) ("E-mail messages from [a third party] witness to [party] counsel . . . must be produced because they are verbatim statements by the witness that reflect the witnesses', not counsel's, mental impressions"); *Infosystems, Inc.*, 197 F.R.D. at 306 (declining to afford work product protection to draft third party declarations because they "purport . . . to be a statement of facts within the personal knowledge of the *witness*, and not an expression of the opinion of counsel"); *Milwaukee Concrete Studios v. Greeley Ornamental Concrete Prods.*, 140 F.R.D. 373, 379 (E.D. Wis. 1991) (compelling production of third party draft affidavits and rejecting argument that drafts were work product because "interpos[ing] the work product doctrine because [party attorneys] put words in the mouths of those third-party affiants as part of its litigation strategy . . . misperceives the nature of the doctrine").  Here, although Maraj has failed to produce a privilege log setting forth the basis of her invocation of the attorney work product doctrine, the parties agree that the Taylor Documents also include communications with Taylor concerning the Declaration, drafts of the Declaration, and the Declaration itself.  However, Maraj has made no showing that any of these documents contain mental impressions or expressions of counsel, rather than simply the underlying facts of the case.  For this additional reason, none of the Taylor Documents constitute protectable work product.

Maraj's reliance on *Schoenmann*, a nonbinding Northern District of California case, for the contrary proposition is misplaced.  In *Schoenmann*, plaintiff objected to, and a subpoenaed third party withheld, documents and communications concerning an unsigned declaration drafted by plaintiff's attorneys, arguing that the documents sought were protected work product.  7 F. Supp. 3d at 1014.  There, unlike here, the third party was a former employee of plaintiff, who was asked by plaintiff and plaintiff's attorneys to sign the declaration.  *Id.* at 1012.  The *Schoenmann* plaintiff asserted that messages between plaintiff or its counsel and the

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

36

J. STIP. RE. PLAINTIFF'S MOTION TO
COMPEL DEFENDANT'S FURTHER
PRODUCTION OF DOCUMENTS

third party and the draft declaration were protected work product. *Id.*  The defendant disagreed, arguing that plaintiff had waived the protection by communicating with and sending the draft declaration to the third party, and that defendant nevertheless had a substantial need for the documents because it needed to test the third party's credibility in order to prepare its case. *Id.* at 1012-14. Without much in the way of substantive analysis, the court relied on a handful of district court decisions to find that the documents and communications were protected work product. *Id.* at 1014.  However, in so holding, the court specifically held that the defendant had "not demonstrated a substantial need sufficient to vitiate the protection afforded to the materials as work product" because the defendant had had an opportunity to depose the third party and chose not to do so. *Id.*  Many of the circumstances in *Schoenmann* are not present here.  Indeed, in contrast to *Schoenmann*, (i) Taylor is a non-party with no stated employment relationship with Maraj, and (ii) as discussed on pages 40-41, *infra*, Chapman has a substantial need for the Taylor Documents that far outweighs the purported work product protection. Regardless, even *Schoenmann* recognized that the work product doctrine cannot preclude a party from "discovering any of the underlying factual information [the third party] may possess" that is "provided to [a party or its] attorney."  7 F. Supp. 3d at 1016.  In any event, with the exception of the aforementioned point, *Schoenmann* stands in direct contradiction to the many cases cited on pages 34-36 above for the opposite proposition.  Thus, *Schoenmann* has no impact on the issues before the Court here.  For this additional reason, *all* of the Taylor Documents should be produced.

   *Third*, even if the work product doctrine protected some or all of the Taylor Documents from production, and it does not, they nevertheless must be produced because Maraj and her counsel waived such protection when she testified regarding their contents without objection at her deposition.  It is black letter law that "[t]he work product privilege is . . . waived 'with respect to matters covered in . . .

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

37

J. STIP. RE. PLAINTIFF'S MOTION TO
COMPEL DEFENDANT'S FURTHER
PRODUCTION OF DOCUMENTS

testimony.'" *Hernandez v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010) (quoting *United States v. Nobles*, 422 U.S. 225, 239-40 (1975)); *see also Nestle USA, Inc. v. Crest Foods, Inc.*, No. CV 16-07519, 2018 WL 7507426, at *2 (C.D. Cal. May 3, 2018) (holding that party could not claim that certain terms of otherwise protected agreement should be "protected as work product because [the party] allowed [the witness] to testify to the terms of the agreement that she could recall" at her deposition).  To the extent Maraj had the right to rely on the work product doctrine to withhold the Taylor Documents, she inarguably waived that right when she testified as follows:

> Q. Have you ever texted with [Taylor]?
>
> A. Yes.
>
> Q. When was the last time you texted him?
>
> A. About a day or two ago.
>
> Q. What about?
>
> A. This case.
>
> Q. What did you say to him?
>
> A. I don't remember exactly.
>
> Q. Generally?
>
> A. Generally, I told him that there is a document that we want him to sign so that -- as proof that I didn't give him this song in question. And he said that he would call me in 30 minutes, and I didn't speak to him after that.

(Gierl Decl. ¶ 14, Exh. C (Maraj Deposition ("Maraj Dep.")) 22:22-23:10)  Maraj continued:

> Q. The conversation you had with [Taylor] regarding this document, was that a conversation you initiated, or is that a conversation he initiated?

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

38

J. STIP. RE. PLAINTIFF'S MOTION TO
COMPEL DEFENDANT'S FURTHER
PRODUCTION OF DOCUMENTS

1
2
3
4
5

A. This last conversation that we had is -- I asked him: Hey, do you want us to --  I said: We can deliver the document if it's a problem. And then prior to that our conversation was me telling him: Hey, my lawyer has a document that you can sign so -- as proof that I didn't send you the song. And I texted the document to him.

6

. . .

7

Q. And to your knowledge, has he signed it?

8

A. I'm not positive.

9

Q. Have you seen the document?

10
11

A. I don't -- not physically, but I -- I texted it to him. So I saw, like, the PDF cover, but I didn't see it yet.

12
13
14

(Maraj Dep. 25:22-26:21)  Finally, in response to questions regarding tweets in which Taylor stated that "Nicki gave me something @NickiMinaj, featuring @Nas. Not on her album" (*i.e.*, the Infringing Work), Maraj testified:

15
16

Q. During this call, what did you say to [Taylor] about these tweets?

17
18
19
20
21
22
23
24
25

A. Not about these specific tweets. But I was talking to him about the document. And he advised me that he already made it clear that he -- that he didn't receive this song from me, and that he was going to state that on the document that we sent him. And he said that he -- he actually – we mentioned the wording of "Nicki gave me something," and he said that he made that clear to everyone who had asked him already, that that's his figure of speech. Because I was, like, that's not good for you to have put that in a tweet if I didn't give you something. But he said he clarified it. So I don't know if it was to Tracy Chapman's legal team or to my legal team, but he said he clarified that wording.

26
27

Q. Did he say anything else about that?

28

A. Not that I recall.

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Los Angeles

39

J. STIP. RE. PLAINTIFF'S MOTION TO
COMPEL DEFENDANT'S FURTHER
PRODUCTION OF DOCUMENTS

Q. What did you say to him in response, if anything?

A. I don't remember my specific response.

Q. Generally, do you recall what your – how you responded?

A. For him to fill out -- to make sure he signs the document that I sent him, and he said he would.

(Maraj Dep. 73:15-74:18)  Maraj's counsel did not object to a single one of the reprinted questions – or any question posed at Maraj's deposition – or instruct her not to answer on the basis of work product.  To the contrary, Maraj's counsel stated on the record:

Q. So there are test messages with [Taylor]?

Mr. Ross: She's testified about that. She said she forwarded the document to him by text.

Mr. Jacobs: Okay. Which we don't have.

Mr. Ross: Which you do not have.

Mr. Jacobs: Okay. So I would like to get those. I would like to get everything with [Taylor].

Mr. Ross: We can provide that.

(Maraj Dep. 86:22-87:4)  Based on this testimony and exchange between counsel, Maraj waived any asserted work product protection as to communications that were the subjects of her testimony – namely communications regarding how Taylor obtained the Infringing Work and the circumstances surrounding his signing a declaration stating that he did not obtain the infringing work from Maraj.  *See Hernandez*, 604 F.3d at 1100; *see also Nestle USA, Inc.*, 2018 WL 7507426, at *2.

*Fourth*, Chapman's substantial need for the Taylor Documents outweighs any purported qualified work product protection.  As discussed above, the Taylor

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

40

J. STIP. RE. PLAINTIFF'S MOTION TO
COMPEL DEFENDANT'S FURTHER
PRODUCTION OF DOCUMENTS

Documents go to the heart of this dispute, because they may reveal, among other things, (i) that Maraj provided the Infringing Work to Taylor; (ii) the identity of who provided the work to Taylor, if not Maraj; (iii) that Maraj knew the identity of the person who provided the infringing work to Taylor; and/or (iv) that Maraj knew that Taylor would distribute the work prior to his playing it on his radio show.  This substantial need for documents is a far cry from the supposed substantial need to test the third party's credibility in *Schoenmann* that the court found to be insufficient.  *See* 7 F. Supp. 3d at 1014.  Absent relief by this Court, Chapman will not be able to obtain these crucial statements by Maraj and Taylor that potentially bear directly on Maraj's willful infringement of Chapman's copyright.  Moreover, Chapman's need for the requested documents and communications is made more dire by Maraj's representation that she intends to file an early motion for summary judgment in the coming weeks, possibly before Chapman can depose Taylor.

Based on the foregoing, this Court should find that none of the Taylor Documents are protected work product.  To the extent that any of the documents or communications would have otherwise been afforded qualified work product protection, Maraj waived such protection when she testified to the contents of the documents and communications and Chapman has a substantial need that outweighs any asserted work product claim.  This Court should require Maraj to produce these documents and communications within 24 hours of its ruling on this motion to avoid any further prejudice to Chapman.

### C.     Maraj Had a Duty, But Failed, to Produce Roberson's Documents Because She Had Legal Control Over Them

In addition to improperly withholding the Taylor Documents, Maraj has refused to produce, and indeed, did not even attempt to collect, the Roberson Documents.  (Gierl Decl. ¶¶ 16-17)  This, too, was improper and unfairly prejudicial to Chapman.  For the reasons discussed below, Maraj should be compelled to produce the Roberson Documents forthwith.

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Los Angeles

41

J. STIP. RE. PLAINTIFF'S MOTION TO
COMPEL DEFENDANT'S FURTHER
PRODUCTION OF DOCUMENTS

Rule 34 provides that a party may serve a request for production of any documents relevant to the litigation "'in the responding party's possession, custody or control.'" *MGA Entm't, Inc. v. Nat'l Prod. Ltd.*, No. CV 10-07083 JAK (SSx), 2012 WL 182158, at *6 (C.D. Cal. Jan. 23, 2012) (quoting Fed. R. Civ. P. 34(a)). "The phrase 'possession, custody or control' is in the disjunctive and only one of the numerated requirements need be met." *Id.* (citation omitted).  As is relevant here, "'[c]ontrol is defined as the legal right to obtain documents on demand.'" *Id.* (quoting *United States v. Int'l Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989)).  "It is well settled that 'a party need not have actual possession of documents to be deemed in control of them.'" *Id.* (citations omitted). Although documents could be in the "physical possession of a third party," that fact "does not eliminate the responsibility of a responding party to search for and produce those documents when the party has the *legal right* to obtain the documents on demand." *Id.* (emphasis added).  Whether a party has a "legal right" to obtain documents "is evaluated in the context of the facts of each case." *Id.* (quoting *Allen v. Woodford*, No. CV-F-05-1104, 2007 WL 309945 at *2 (E.D. Cal. Jan. 30, 2007)).  However, "[c]entral to each case is the relationship between the party and the person or entity having actual possession of the document." *Id.*  If the party "can order the person or entity in actual possession of the documents to release them," then the party has the "legal right" to obtain – and must produce – the documents in the third party's possession. *Id.*  "This position of control is usually the result of statute, affiliation or employment." *Id.*  "Control may be established by the existence of a principal-agent relationship." *Id.*  Here, Maraj indisputably had the legal right to obtain the Roberson Documents, and should be compelled to produce them, for the following reasons.

*First*, although Maraj generally and vaguely objected to producing any documents not within her possession, custody or control, that objection does not excuse her from producing the Roberson Documents because Roberson was her

agent during the relevant time period of this action.  Indeed, Maraj does not appear to dispute that, at the time of allegedly infringing acts in this case, and during a majority of this litigation, Roberson was acting as Maraj's agent "with authority to bind" Maraj.  *MGA Entm't, Inc.*, 2012 WL 182158, at *7.  Accordingly, she has "the legal right to obtain documents on demand" from Roberson and thus, had "an obligation to collect and produce documents held by [Roberson] that are responsive to [Chapman's] requests for production."  *See id.*

*Second*, although Maraj retorts that Roberson is no longer her agent, and that Chapman therefore has the same ability to obtain the Roberson Documents that Maraj does, Maraj's approach is an oversimplification that ignores the law.  Indeed, Maraj offers no explanation as to why termination of her relationship with Roberson somehow negates her legal right, ***and obligation***, to demand documents and communications that are in his possession and were created at a time when Roberson was Maraj's agent, and nor can she.  *See Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 154 (S.D.N.Y. 1997) (documents in possession of party's former auditors were deemed in "control" of party under "legal right" theory).  Accordingly, this Court should require Maraj to obtain and produce the Roberson Documents.

*Third*, the prejudice to Chapman caused by Maraj's failure to produce the Roberson Documents, notwithstanding her obligation to do so, cannot be cured simply be propounding third party subpoenas on Roberson.[6]  As set forth above, Maraj had a duty to produce the Roberson Documents in advance of her deposition so that she could be questioned on them.  She failed to do so, and Chapman was forced to conduct an incomplete deposition.[7]  This, in and of itself, is highly

---

[6] Regardless, Chapman has spent the time and money to propound a deposition subpoena on Roberson, and a document subpoena on The Blueprint Group.  (*See* Gierl Decl. ¶¶ 18-19)

[7] Maraj also failed to produce several additional documents at her deposition that further unfairly prejudiced Chapman.  For example, she did not, but had an obligation to, produce, (1) documents and communications concerning the creation

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

43

J. STIP. RE. PLAINTIFF'S MOTION TO
COMPEL DEFENDANT'S FURTHER
PRODUCTION OF DOCUMENTS

1   prejudicial, as it precluded Chapman from seeking and obtaining all of the

2   discoverable facts concerning this dispute.  Additionally, there is no guarantee that

3   Roberson or his company will produce any relevant documents.  In fact, it is very

4   possible that Roberson might claim that he is precluded from producing certain

5   documents without authorization from Maraj based on their former agency

6   relationship, or assert other objections.  This would only further delay the receipt of

7   documents and communications that Chapman had a right to obtain from Maraj in

8   the first place and compound the prejudice to Chapman.  With discovery deadlines

9   quickly approaching, this Court should order Maraj to collect the requested

10   documents from Roberson and produce them immediately.

11       For all of the foregoing reasons, Chapman respectfully requests that the

12   Court enter an Order granting Chapman's motion to compel and requiring Maraj to

13   produce the Disputed Documents within 24 hours of the Court's ruling on

14   Chapman's motion to compel.

15   **V.    MARAJ'S POINTS AND AUTHORITIES IN**
       **OPPOSITION TO MOTION TO COMPEL**
16

17       Much of what Chapman represents hereinabove is legally and factually

18   inaccurate.  Despite her assertions to the contrary, Maraj timely responded to the

19   requests for production at issue, and she is obligated to produce neither the

20   Roberson Documents nor the Taylor Documents.

21   _____

22   of the Infringing Work, including, without limitation, written compositions, sheet
     music, lyric sheets, demo and other preparatory recordings, and final recordings

23   (Requests 22, 23, 24, 25, 26, 39, 62, 63, 65, 66, 67); (2) copies of any and all
     versions of the Infringing Work, including any "clean" versions of the Infringing

24   Work (MINAJ000001), any versions of the Infringing Work with or without the
     "Sample" (MINAJ000015), the "mix" (MINAJ000032), and the document or

25   material previously available on the WeTransfer link Maraj texted to Nas
     (MINAJ000033) (Requests 2, 5, 23, 24, 62, 63, 65, 66); (3) documents concerning

26   the "investigation" into the supposed leak of the Infringing Work about which
     Maraj testified (Requests 2, 5, 59, 62, 64, 65, 66, 67); and (4) Documents and

27   communications concerning the requests to license the Composition, including, but
     not limited to, those that include Maraj and/or her former management (Requests 1,

28   3, 4, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, 17, 24, 25, 27, 28, 30, 31, 33, 58, 59, 60, 61,
     64, 65, 66, 67).

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles                    44                    J. STIP. RE. PLAINTIFF'S MOTION TO
                                                     COMPEL DEFENDANT'S FURTHER
                                                     PRODUCTION OF DOCUMENTS

## A. Maraj Timely Responded to the Requests for Production

Chapman is either mistaken or intentionally seeking to deceive the court for her gain in representing that Maraj did not respond substantively to the requests for production propounded upon her until September. Because no verification was required in connection with those requests, Maraj's counsel's inability to reach her at the time responses were due did not prevent them from providing substantive responses and objections. And as is reflected by the fact that Maraj's initial and supplemental responses set forth in section III hereinabove are identical in almost every instance, they did just that. The Court should not be fooled by the false and inflammatory narrative Chapman offers in support of her motion, and should not allow it to color its evaluation of this motion.

## B. The Roberson Documents Are Not in Maraj's Possession, Custody, or Control

During the October 7 discovery conference, the Court indicated that while its hunch was that Maraj could be deemed to be in possession of documents held by Roberson under the Ninth Circuit's legal control test, the issue was notoriously dicey and often surprising. Declaration of Eric Lauritsen ("Lauritsen Decl.") at ¶ 2. Given that reality, the Court asked whether Chapman would be willing to skirt this issue by simply subpoenaing the documents she sought from Mr. Roberson and his company, The Blueprint Group, LLC. *Id.* After privately conferring for a moment, counsel for Chapman indicated it would do just that. *Id.* Four days later, counsel for Maraj received notice of the impending service of a subpoena on The Blueprint Group, LLC. *Id.* Apart from meeting and conferring via email to discuss concerns related to attorney-client privilege, Maraj has not objected to or hindered in any way Chapman's efforts surrounding that subpoena. *Id* ¶ 3. Under these circumstances, Maraj is surprised and disappointed to find this issue briefed by Chapman herein essentially in contravention of the resolution agreed upon at the October 7 conference. Indeed, it is hard to see the parties' briefing on this issue as

anything other than a waste of resources given that the agreed upon alternative, which Chapman has indeed pursued, should produce the very Roberson Documents that Chapman is now needlessly and superfluously doubling down on her efforts to obtain from Maraj as well. *See generally U.S. v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1454 (9th Cir. 1989) ("Finally, the [moving party] can obtain the records it seeks directly from the local unions. The [opposing party] produced all subpoenaed documents in its actual possession or control, and even suggested to [the moving party] that it could obtain the others directly from the locals. Yet the [moving party] never asked the locals for these records.")

That said, Chapman's theory appears to be that Roberson was Maraj's agent, and she states that Maraj "does not appear to dispute that" Roberson was her agent with the ability to bind her to contracts. Maraj does not in fact concede that point, however, and notes that Chapman has presented no evidence whatsoever that would meet her burden of establishing it. *See Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870 F.2d at 1452 (9th Cir. 1989) ("The party seeking production of the documents . . . bears the burden of proving that the opposing party has such control.")

Moreover, even if Roberson were Maraj's agent, Chapman is misguided in emphasizing the existence of that relationship at the time of the facts underlying this lawsuit, or even the first several months that it was progressing. Despite Chapman's arguments to the contrary, the relevant moment of inquiry is the date upon which the requests were served. *See Maria Del Socorro Quintero Perez, CY v. U.S.*, No. 12-civ-1417-WQH, 2016 WL 705904 at *3 (S.D. Cal. Feb. 23, 2016) (distinguishing cases regarding former employees' possession, custody, or control over employers' documents depending on whether applicable requests were received by employees before or after retirement). This rule makes intuitive sense, of course, since it is not clear what documents an opposing party will request until those requests actually arrive, and there is no duty to *collect* (as opposed to

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

46

J. STIP. RE. PLAINTIFF'S MOTION TO
COMPEL DEFENDANT'S FURTHER
PRODUCTION OF DOCUMENTS

preserve) documents simply because a case is filed.  Here, Maraj first received the requests for production at issue when they arrived via mail on May 30, 2019. Lauritsen Decl. at ¶ 4.  She testified in her September deposition that her professional relationship with Roberson had ended "a few months ago."  *Id*. at ¶ 5. In light of this testimony, Chapman is once again unable to meet her burden of establishing that the relationship was ongoing at the relevant time—the time at which the requests were received.

Finally, the theories Chapman describes as to how she will be prejudiced by the denial of her requests as to Roberson do not withstand scrutiny.  For one thing, she cites a wholly unfounded fear that Roberson or Blueprint will shirk their obligations under the subpoena, suggesting that they may be motivated to do so by a belief that, because their possession of the documents derives from services as Maraj's agent, they could not produce the documents without Maraj's consent. Chapman has provided nothing to indicate that in the event Roberson or Blueprint took this unusual legal position—a possibility that seems extremely remote in the first place—Maraj would withhold her consent.  For another thing, she suggests she has *already* suffered prejudice because she was unable to review the Roberson documents before Maraj's deposition.  First, seventeen days passed between Maraj's document production and her deposition.  This interval provided ample opportunity for Chapman to recognize that the Roberson Documents were not included in Maraj's production and raise the issue with Maraj in advance, and even serve a third party subpoena on Roberson with a production date before the deposition if need be.  More fundamentally, however, even to the extent Chapman was unavoidably prejudiced in the way she describes, that ship has sailed and will not be corrected by the order she now seeks.

At bottom, Chapman's request with respect to the Roberson Documents constitutes a needless waste of the Court's and parties' resources and should be denied.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

47

J. STIP. RE. PLAINTIFF'S MOTION TO
COMPEL DEFENDANT'S FURTHER
PRODUCTION OF DOCUMENTS

### C.   The Taylor Documents Are Protected Work Product

With respect to the Taylor Documents, Chapman emphasizes that parties cannot claim work product protection over facts.  In claiming that the Taylor Documents are protected work product, Maraj is not doing so.  Indeed, Maraj invites Chapman to ask Taylor all about the facts surrounding the topics discussed in the Taylor Documents—topics which are known to Chapman as a result of Maraj's deposition testimony—at Taylor's upcoming deposition.  But work product rules prohibit Chapman from learning those facts by reviewing Taylor's communications with Maraj or her counsel as part of Maraj's defense in this action.

Chapman's emphasis on the distinction between facts and mental impressions, and that of the non-binding cases she cites focusing on this distinction, quite simply reflects a misunderstanding of the fundamental principles of the work product doctrine.  This misunderstanding is explored in *Mitchell v. Archer Daniels Midland Co.*, 329 F.R.D. 178, 181 (S.D. Tenn. 2019), where the court points out that cases focusing on the distinction are incompatible with the very language of Rule 26(b)(3) of the Federal Rules of Civil Procedure, the ostensible codification of the work product doctrine.  Basing its analysis off of the literal wording of that Rule, the court instead asks simply whether the materials at issue were "trial preparation materials," noting that "the discoverability of *trial preparation materials* does not turn upon the degree to which those materials reflect attorneys' mental impressions." *Id*. (emphasis in original).  The court explained that when the answer to that question is affirmative, the Rule next requires analysis as to whether the materials are otherwise discoverable, and whether the requesting party has a substantial need for them. *Id*.  However, the "substantial need" question does not turn upon how relevant the materials in question are to the action, as Chapman appears to believe when she emphasizes the materiality of the facts she thinks they would reveal.  Instead, the *Mitchell* opinion makes clear that the question relates to

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Los Angeles

48

J. STIP. RE. PLAINTIFF'S MOTION TO
COMPEL DEFENDANT'S FURTHER
PRODUCTION OF DOCUMENTS

1   availability of witnesses.  *Id* at 182-83 ("Defendants have not claimed—much less

2   demonstrated—that the witnesses interviewed by Plaintiff's investigator are not

3   equally accessible to Defendants. There is no suggestion that any of these witnesses

4   has died or left the area for parts unknown. In other words, Defendants have not

5   shown that they would face some undue hardship if they were forced to obtain the

6   information sought via some method other than requiring Plaintiff to produce the

7   audio recordings of the witness interviews.").

8       Here, Chapman defines the Taylor Documents as Maraj's communications

9   with Taylor concerning his signing a declaration.  These are fundamentally and

10  undeniably "trial preparation materials" as discussed in Rule 26(b)(3).  Maraj does

11  not dispute that the substance of the communications are relevant to the case and

12  otherwise discoverable, but vehemently disputes that Chapman has a "substantial

13  need" to access them given that Taylor has been subpoenaed and is, by all accounts,

14  preparing to appear at a November 22 deposition.  Indeed, if mere materiality of the

15  topics discussed could establish a substantial need, the exception would swallow

16  the rule; the only things that could be protected work product would be

17  communications irrelevant to a case.  That is simply not the law.

18      Chapman challenges Maraj's anticipated reliance on *Schoenmann v. F.D.I.C.*,

19  7 F. Supp. 3d 1009 (N.D. Cal. 2014), and attempts to distinguish the case on the

20  dubious grounds that there, unlike here, the third party witness involved in the

21  communications was a former employee of a party.  It is not clear how that fact

22  would render any difference in the analysis, and Chapman does not elaborate.

23  *Schoenmann*'s status as persuasive authority from a sister district thus appears to be

24  at least as valid as that of any of the foreign authorities Chapman herself relies

25  upon.  In any event, Chapman does not appear to argue that the work product

26  protections that may have applied to the Taylor Documents, including the alleged

27  declaration, were waived by disclosure to him as a non-party, which was the central

28  matter at issue in *Schoenmann*.  The case is also relevant, however, as a response to

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

49

J. STIP. RE. PLAINTIFF'S MOTION TO
COMPEL DEFENDANT'S FURTHER
PRODUCTION OF DOCUMENTS

Chapman's assertions regarding the work product status of declarations, both in draft and final form. *Schoenmann* and the authorities cited therein clearly favor the conclusion that these communications are indeed work product. *See, e.g.*, Wright & Miller, Federal Practice & Procedure § 2024 n. 24 ("Recent cases have generally held that draft affidavits, and communications with counsel relating to affidavits, are covered by the work-product rule."); *citing Randleman v. Fidelity Nat. Title Ins. Co.*, 251 F.R.D. 281 (N.D. Ohio 2008). Importantly, however, the communications need not involve "counsel" directly. *See* Fed. R. Civ. Proc. 26(b)(3) (affording work product protection to "documents and tangible things that are prepared in anticipation of litigation or for trial by or for *a party* or its representative") (emphasis added); *see also Adams v. City of Montgomery*, 282 F.R.D. 627, (M.D. Ala. 2012) (fact that report was drafted by non-lawyer did not defeat work product protection). With respect to the supposed distinction between signed and unsigned declarations, *Intel Corp. v. VIA Technologies, Inc.*, 204 F.R.D. 450, 452 (N.D. Cal. 2001) is instructive, where the court stated that the declaration at issue therein "was clearly work product right up until the moment it was filed." Ultimately, rather than positing supposed distinguishing factors that do not stand up to scrutiny, Maraj acknowledges that there are contrary authorities regarding the work product status of declarations as they may exist at various states of their development. But in view of the plain language of Rule 26(b)(3) and the fundamental tenets of work product protection, the cases on *Schoenmann*'s side of the question are far better reasoned.

Finally, with respect to Chapman's charges of waiver, the Maraj testimony that Chapman cites describes the nature of her communications with Taylor in a very general way—in a manner commensurate with what would go into a privilege log. That is, they identify who the parties were to the communications, when the communications occurred, via what means, and the general topics discussed. The testimony does not quote from the communications or the document discussed

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

50

J. STIP. RE. PLAINTIFF'S MOTION TO
COMPEL DEFENDANT'S FURTHER
PRODUCTION OF DOCUMENTS

1   therein.  Indeed, it would be impossible for Maraj to quote from that document, as

2   the very testimony Chapman cites indicates that Maraj herself had not even

3   reviewed it.  For this reason, Chapman's observation that Maraj's counsel did not

4   object to the questioning or testimony in response thereto is misplaced.  So are

5   Chapman's arguments with respect to Maraj's counsel's non-committal statement

6   "We can provide that."  Even to the extent this statement reflected a commitment to

7   produce the communications and a momentary waiver the work product protection

8   to which they were entitled, under Rule 502(b) of the Federal Rules of Evidence,

9   the communications regained their protected status when Maraj thereafter took

10  prompt and reasonable steps to correct the error and prevent disclosure.  Indeed,

11  Rule 26(b)(5)(B) contemplates the ability to subsequently reclaim work product

12  protection after protected documents are actually *produced*.  Here, Maraj's

13  objections were communicated to Chapman just one week after Maraj's deposition,

14  and before any protected documents were in fact divulged.  As such, Maraj was

15  well within her rights to reclaim the protections to which the communications are

16  entitled.

17          As a result of the foregoing, as with the Roberson Documents, Chapman's

18  motion should be denied with respect to the Taylor Documents as well.

19

20  Dated:  October 29, 2019          Respectfully submitted,

21                                    MANATT, PHELPS & PHILLIPS, LLP

22                                    By:  /s/ Robert A. Jacobs

23                                         Robert A. Jacobs
                                           Maura K. Gierl
24                                         Nicholas Frontera
                                           *Attorneys for Plaintiff*
25                                         TRACY CHAPMAN

26

27

28

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

51

J. STIP. RE. PLAINTIFF'S MOTION TO
COMPEL DEFENDANT'S FURTHER
PRODUCTION OF DOCUMENTS

1 Dated:  October 29, 2019   Respectfully submitted,

2             BROWNE GEORGE ROSS LLP

3

4           By:  /s/ Eric C. Lauritsen
              Peter W. Ross

5              Eric C. Lauritsen
              *Attorneys for Defendant*

6              ONIKA TANYA MARAJ
              P/K/A NICKI MINAJ

7

8       <u>**LOCAL RULE 5-4.3.4(a)(i) CERTIFICATION**</u>

9 The filer of this document attests that all other signatories listed above on whose

10 behalf this filing is submitted concur in the filing's contents and have authorized

11 the filing.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

52

J. STIP. RE. PLAINTIFF'S MOTION TO
COMPEL DEFENDANT'S FURTHER
PRODUCTION OF DOCUMENTS