BROWNE GEORGE ROSS LLP
Peter W. Ross (State Bar No. 109741)
  pross@bgrfirm.com
Eric C. Lauritsen (State Bar No. 301219)
  elauritsen@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorney for Defendant Onika Tanya Maraj p/k/a Nicki Minaj

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION

| | |
|---|---|
| TRACY CHAPMAN,<br><br>             Plaintiff,<br><br>     vs.<br><br>ONIKA TANYA MARAJ p/k/a NICKI MINAJ and DOES 1-10,<br><br>             Defendants. | Case No. 2:18-cv-9088-VAP-SS<br><br>**DEFENDANT ONIKA TANYA MARAJ'S RESPONSES TO PLAINTIFF'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Judge: Hon. Virginia A. Phillips<br>Date:  September 14, 2020<br>Time:  2:00 pm<br>Crtrm.: 8A<br><br>Date Filed:    October 22, 2018<br>Disc. Cutoff:  July 29, 2020<br>FPC:           October 5, 2020<br>Trial Date:    October 13, 2020 |

1645051.1

Case No. 2:18-cv-9088-VAP-SS
DEFENDANT ONIKA TANYA MARAJ'S RESPONSES TO PLAINTIFF'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant Onika Maraj p/k/a Nicki Minaj hereby submits the statement of genuine disputes pursuant to Central District of California Local Rule 56-2 in opposition to the motion for summary judgment filed by plaintiff Tracy Chapman ("Chapman"). Numbered items 1-39 below correspond to numbering utilized in Chapman's Separate Statement of Undisputed Material Facts in Support of Motion for Summary Judgment. Numbered items 40-51 below reflect additional material facts demonstrating a genuine disputed issue.

**PLAINTIFF'S UNDISPUTED FACTS AND DEFENDANT'S RESPONSE**

**ISSUE 1: Defendant Onika Tanya Maraj ("Maraj") infringed on Plaintiff Tracy Chapman's ("Chapman") copyright in the track Baby Can I Hold You (the "Composition") when she created an unauthorized derivative work entitled Sorry utilizing the Composition ("Infringing Work").**

| SUF No. | Plaintiff's Facts and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|---|
| 1. | Ms. Chapman wrote *Baby Can I Hold You* (the "Composition") in 1982. Supporting Evidence: Declaration of Tracy Chapman ("Chapman Decl.") at ¶ 2.[1] | Undisputed |
| 2. | On October 20, 1983, Ms. Chapman obtained a copyright registration for the Composition, from the United States Copyright Office. Supporting Evidence: Declaration of Nicholas Frontera ("Frontera Decl."), | Undisputed |

---

[1] The Declarations of Tracy Chapman and Nicholas Frontera can be found in the Appendix of Evidence at pp. 6 and pp. 34 respectively.

| SUF No. | Plaintiff's Facts and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|---|
|  | ¶ 5, Ex. 4; id. at ¶ 27, Ex. 26; Chapman Decl. at ¶ 2. |  |
| 3. | Ms. Chapman is the sole owner of the copyright in the Composition. Supporting Evidence: Frontera Decl. ¶ 6, Ex. 5; id. at ¶ 27, Ex. 26; Chapman Decl. at ¶¶ 3-4. | Undisputed |
| 4. | In 2017, Ms. Maraj began recording a track entitled *Sorry* (the "Infringing Work"). Supporting Evidence: Frontera Decl., ¶ 7, Ex. 6 (Deposition of Onika Tanya Maraj ("Maraj Dep.") at 50:25-51:3). | Undisputed that Minaj began recording "Sorry" in 2017. Disputed that "Sorry" is an "Infringing Work" for purposes of this and all other of Plaintiff's undisputed facts that use the phrase. |
| 5. | The Infringing Work features Nasir bin Olu Dara Jones p/k/a Nas ("Nas"). Supporting Evidence: Frontera Decl., ¶ 7, Ex. 6 (Maraj Dep. at 52:11-12). | Undisputed |
| 6. | Ms. Maraj admits that the Infringing Work incorporates music and lyrics from the Composition. Supporting Evidence: Frontera Decl., ¶ 8, Ex. 7 at p. 71 ¶¶ 19, 20; *id.* at ¶ 9, Ex. 8 at p. 81 (Suppl. Responses to RFA Nos. 8 and 10); see also id. at ¶ 10, Ex. 9 | Undisputed |

| SUF No. | Plaintiff's Facts and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|---|
| | (containing side by side comparison of the Composition and the Infringing Work). | |
| 7. | Ms. Maraj admits that the Infringing Work incorporates a majority of the Composition's lyrics.<br>Supporting Evidence: Frontera Decl., ¶ 8, Ex. 7 at p. 71 ¶¶ 19, 20; *id*. at ¶ 9, Ex. 8 at p. 81 (Suppl. Responses to RFA Nos. 8 and 10); see also *id*. at ¶ 10, Ex. 9 (containing side by side comparison of the Composition and the Infringing Work). | Undisputed |
| 8. | Ms. Maraj admits that the Infringing Work incorporates part of the vocal melody from the Composition.<br>Supporting Evidence: Frontera Decl., ¶ 8, Ex. 7 at p. 71 ¶¶ 19, 20; *id*. at ¶ 9, Ex. 8 at p. 81 (Suppl. Responses to RFA No. 11); see also *id*. at ¶ 10, Ex. 9 (containing side by side comparison of the Composition and the Infringing Work). | Undisputed |

**ISSUE 2: Maraj's conduct in creating the Infringing Work was willful because she knew she needed Chapman's consent to create the Infringing Work, knew she did not have consent, and continued to work on the Infringing Work despite knowing she did not have Ms. Chapman's consent.**

| SUF No. | Plaintiff's Facts and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|---|
| 9. | Ms. Maraj "knew that [she] needed a License to use the Composition in the Infringing Work in order to include the Infringing Work on [her] album Queen." Supporting Evidence: Frontera Decl., ¶ 9, Ex. 8 at p. 80 (Suppl. Response to RFA No. 5). | Undisputed. Minaj further notes, however, that Minaj's inability to secure a license led her to in fact exclude "Sorry" from her album, rendering this undisputed fact immaterial. |
| 10. | Ms. Maraj began recording the Infringing Work, without first seeking Ms. Chapman's authorization to do so. Supporting Evidence: Frontera Decl., ¶ 8, Ex. 7 at p. 71, ¶ 20. | Undisputed. |
| 11. | On May 23, 2018, Ms. Maraj's representative began the process of obtaining clearance to use the Composition in the Infringing Work. Supporting Evidence: Frontera Decl., ¶ 11, Ex. 10 at p. 99; id. at ¶ 10, Ex. 11 (Deposition of Deborah Mannis-Gardner ("Mannis-Gardner Dep.") at | Undisputed. |

| SUF No. | Plaintiff's Facts and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|---|
| | 107:11-108:8, 132:10-11, 133:9-14). | |
| 12. | On May 23, 2018, Ms. Maraj's representative was informed that the Composition was not available for sampling.<br>Supporting Evidence: Frontera Decl., ¶ 11, Ex. 10 at p. 99; *id*. at, ¶ 10, Ex. 11 (Mannis-Gardner Dep. at 109:10-110:14). | Undisputed. |
| 13. | Ms. Maraj, again through her representatives, requested Ms. Chapman's authorization to use the Composition in the Infringing Work.<br>Supporting Evidence: Chapman Decl., ¶ 5, Ex. 2 at p. 27; Frontera Decl., ¶ 13, Ex. 12 at p. 140; *id*. at ¶ 14, Ex. 13; *id*. at ¶ 10, Ex. 11 (Mannis-Gardner Dep. at 112:19-114:3; 117:2-119:17, 120:20-121:12, 122:5-15; 126:7-131:18). | Undisputed. |
| 14. | Ms. Chapman instructed her representative to deny Ms. Maraj's request to use Ms. Chapman's Composition in the Infringing Work.<br>Supporting Evidence: Chapman Decl., ¶ 5. | Undisputed. |

| SUF No. | Plaintiff's Facts and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|---|
| 15. | Ms. Chapman's denial was relayed to Ms. Maraj through her representatives. Supporting Evidence: Chapman Decl., ¶ 5, Ex. 2 at p. 25; Frontera Decl., ¶ 15, Ex. 14; *id*. at ¶ 10, Ex. 11 (Mannis-Gardner Dep. at 123:22-124:22; 126:7-131:18). | Undisputed. |
| 16. | Ms. Maraj, through her representatives, made another request for authorization from Ms. Chapman for use of the Composition in the Infringing Work. Supporting Evidence: Chapman Decl., ¶ 6, Ex. 3 at pp. 31-32; Frontera Decl. at ¶ 4. | Undisputed. |
| 17. | Ms. Maraj also made a personal attempt to reach out to Ms. Chapman on Twitter. Supporting Evidence: Frontera Decl., ¶ 9, Ex. 8 at p. 83 (Suppl. Resp. to RFA No. 18). | Undisputed. |
| 18. | Ms. Chapman was made aware of Ms. Maraj's requests. Supporting Evidence: Chapman Decl., ¶ 6. | Undisputed. |
| 19. | Ms. Chapman again denied the | Undisputed. |

| SUF No. | Plaintiff's Facts and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|---|
| | requests. Supporting Evidence: Chapman Decl., ¶ 6. | |
| 20. | Ms. Chapman's denial was communicated to Ms. Maraj's representatives again on August 2, 2018. Supporting Evidence: Chapman Decl., ¶ 6 Ex. 3 at p. 31; Frontera Decl. at ¶ 4; *id*. at ¶ 26, Ex. 25 at p. 222. | Undisputed. |
| 21. | On August 3, 2018, Ms. Maraj confirmed to Aston George Taylor that the Infringing Work would not be on her Album. Supporting Evidence: Frontera Decl., ¶ 16, Ex. 15 at p. 13. | Undisputed. |
| 22. | Ms. Maraj and Nas continued working on the Infringing Work after August 3, 2018. Supporting Evidence: Frontera Decl., ¶ 18, Ex. 17 at pp. 182-87; *id*. at ¶ 7, Ex. 6 (Maraj Dep. at 55:5-24, 56:15-19; 56:10-24). | Disputed. Declaration of Eric C. Lauritsen ("Lauritsen Decl.") at ¶ 2, Ex. A ("Maraj Tr.") at 66:13-23. |
| 23. | On August 5, 2018, Ms. Maraj informed Nas that the Infringing Work | Undisputed. |

| SUF No. | Plaintiff's Facts and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|---|
|  | was "not gonna get cleared." Supporting Evidence: Frontera Decl., ¶ 18, Ex. 17 at p. 187; *id.* at ¶ 7, Ex. 6 (Maraj Dep. at 59:12-60:2). [CONFIDENTIAL] |  |
| 24. | On August 5, 2018, Ms. Maraj confirmed to Nas that, "They saying [Ms. Chapman] don't clear stuff[.] She was forced to with [another song] but took all the money cuz they put it out w/no approval." Frontera Decl., ¶ 18, Ex. 17 at p. 187. [CONFIDENTIAL] | Undisputed. |

**ISSUE 3: Maraj infringed on Chapman's copyright when she (or others acting on her direct orders) distributed the Infringing Work.**

| SUF No. | Plaintiff's Facts and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|---|
| 25. | On August 3, 2018, Ms. Maraj, sent Aston George Taylor a direct message from her verified Instagram account asking him to world premiere the Infringing Work on his radio show the week her album *Queen* was released. Supporting Evidence: Frontera Decl., |  Undisputed. |

| SUF No. | Plaintiff's Facts and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|---|
| | ¶ 16, Ex. 15 at p. 147; *id.* at ¶ 17, Ex. 16 (Deposition of Aston George Taylor ("Taylor Dep.") at 159:1- 162:24). | |
| 26. | Mr. Taylor indicated he would play the Infringing Work on his show. Supporting Evidence: Frontera Decl., ¶ 16, Ex. 15 at p. 147; *id.* at ¶ 17, Ex. 16 (Taylor Dep. at 162:25-163:7). | Undisputed. |
| 27. | On August 10, 2018, Ms. Maraj messaged Mr. Taylor: "You got me tonight? The song is me & Nas[.] Send ur number[.]" Supporting Evidence: Frontera Decl., ¶ 16, Ex. 15 at p. 148. [CONFIDENTIAL] | Undisputed |
| 28. | Mr. Taylor provided his phone number and confirmed he would play the Infringing Work. Supporting Evidence: Frontera Decl., ¶ 16, Ex. 15 at p. 148. | Undisputed |
| 29. | Maraj confirmed, "Ok I'll text." Supporting Evidence: Frontera Decl., ¶ 16, Ex. 15 at p. 148. [CONFIDENTIAL] | Undisputed. |
| 30. | On August 10, 2018, Ms. Maraj's lead | Undisputed. |

| SUF No. | Plaintiff's Facts and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|---|
|  | recording engineer, Aubry Delaine, reached out to the company that mastered Ms. Maraj's songs for the Album, Chris Athens Masters, Inc., to ask that they master the Infringing Work and return clean and explicit versions.<br>Supporting Evidence: Frontera Decl., ¶ 28, Ex. 27. |  |
| 31. | Chris Athens Masters, Inc. mastered the Infringing Work on August 10, 2018.<br>Supporting Evidence: Frontera Decl., ¶ 19, Ex. 18 at p. 189-90; *id.* at ¶ 28, Ex. 27; *id.* at ¶ 20, Ex. 19 (Deposition of Aubry Delaine ("Delaine Dep.") at 206:16-208:4). | Undisputed. |
| 32. | On August 10, 2018, David Castro of Chris Athens Masters, Inc., sent Mr. Delaine links to download a clean and an explicit version of the Infringing Work.<br>Supporting Evidence: Frontera Decl., ¶ 19, Ex. 18 at p. 189-90; *id.* at ¶ 20, Ex. 19 (Delaine Dep. at 206:16-208:4). | Undisputed. |
| 33. | The links only allowed for one | Undisputed. |

| SUF No. | Plaintiff's Facts and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|---|
| | download each.<br>Supporting Evidence: Frontera Decl., ¶ 19, Ex. 18 at p. 189-90; *id.* at ¶ 20, Ex. 19 (Delaine Dep. at 206:16-208:4). | |
| 34. | Mr. Delaine never sends unreleased recordings of Ms. Maraj's work without receiving instructions from Ms. Maraj.<br>Supporting Evidence: Frontera Decl., ¶ 20, Ex. 19 (Delaine Dep. at 203:16-23). | Undisputed. |
| 35. | On August 11, 2018, Mr. Taylor posted on his Instagram and Twitter accounts promoting the debut of the Infringing Work on his show that night.<br>Supporting Evidence: Frontera Decl., ¶ 21, Ex. 20; *id.* at ¶ 22, Ex. 21; *id.* at ¶ 17, Ex. 16 (Taylor Dep. at 167:18-168:23; 170:1-171:12). | Undisputed that the posts exist. Disputed that the posts are admissible evidence for the reasons set forth in Minaj's objections to evidence filed concurrently herewith. |
| 36. | Mr. Taylor received the Infringing Work via text sometime between (i) Ms. Maraj telling him "I'll text" on August 10, 2018, and (ii) his first social media post promoting the show early afternoon the next day.<br>Supporting Evidence: Frontera Decl., | Undisputed that Taylor received the "Sorry" recording via text message. Disputed that he received it during the time frame alleged. The testimony in the referenced deposition transcript sections is inapplicable to this |

1645051.1                                    -11-                           Case No. 2:18-cv-9088-VAP-SS
DEFENDANT ONIKA TANYA MARAJ'S RESPONSES TO PLAINTIFF'S SEPARATE STATEMENT OF
UNDISPUTED FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

| SUF No. | Plaintiff's Facts and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|---|
|  | ¶ 17, Ex. 16 (Taylor Dep. at 164:22-165:14, 169:5-18, 158:11-22). [CONFIDENTIAL] | issue.  Taylor's testimony makes clear that he had possession of the recording prior to the posting of his inadmissible tweets, but Taylor otherwise disclaims any knowledge as to when he received the file.  Lauritsen Decl. at ¶ 2, Ex. B ("Taylor Tr.") at 171:19-172:5. |
| 37. | The version of the Infringing Work Mr. Taylor received was a mastered version entitled "01 Sorry - 72518 - master.mp3". Supporting Evidence:  Frontera Decl., ¶23, Ex. 22; *id*. at ¶ 17, Ex. 16 (Taylor Dep. at 172:13-25, 174:22-176:21). | Undisputed that the file name was "01 Sorry – 72518 – master.mp3."  Disputed that the version Mr. Taylor received and played was mastered. Declaration of Aubry Delaine ("Delaine Decl.") at ¶ 7; Taylor Tr. at 89:7-15.  Further disputed that the deposition transcript citations Chapman provides are relevant to this question. |
| 38. | On August 11, 2018 at 7 PM EST, Mr. Taylor broadcast his radio show on Hot 97 FM. Supporting Evidence:  Frontera Decl., ¶ 17, Ex. 16 (Taylor Dep. at 166:9-13, | Undisputed. |

1645051.1

-12-

Case No. 2:18-cv-9088-VAP-SS

DEFENDANT ONIKA TANYA MARAJ'S RESPONSES TO PLAINTIFF'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

| SUF No. | Plaintiff's Facts and Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|---|
| | 173:17-23). | |
| 39. | Mr. Taylor played the Infringing Work during the broadcast. Supporting Evidence: Frontera Decl., ¶ 17, Ex. 16 (Taylor Dep. at 166:9-13, 173:17-23). | Undisputed. |

**ISSUE 4: Maraj's conduct in distributing the Infringing Work was willful because she knew she needed Chapman's consent to distribute the Infringing Work, and knew she did not have that consent.**

| | Issue No. 4, incorporates the Statements of Undisputed Facts Nos. 1-39. | Minaj incorporates her responses to Undisputed Facts Nos. 1-39. |
|---|---|---|

## ADDITIONAL MATERIAL FACTS SUBMITTED BY DEFENDANT ONIKA MARAJ

| SUF No. | Defendant's Additional Material Facts | Supporting Evidence |
|---|---|---|
| 40. | At the time she recorded "Sorry," Minaj believed the song on which her recording was based was written by Shelly Thunder. | Maraj Tr. at 13:17-14:18; 35:4-36:13. |
| 41. | At the time she recorded "Sorry," Minaj had no idea whether the track would be distributed commercially. | Maraj Tr. at 35:25-36:13. |
| 42. | At the time she recorded "Sorry," Minaj | Maraj Tr. at 35:4-36:13. |

| SUF No. | Defendant's Additional Material Facts | Supporting Evidence |
|---|---|---|
| | had no intention of commercially distributing "Sorry" without securing any and all appropriate licenses. | |
| 43. | Rights holders often request copies of new works during licensing discussions for this purpose, so it makes sense to have a pre-made version handy. | Lauritsen Decl. at ¶ 2, Ex. C ("Mannis-Gardner Tr.") at 260:19-24. |
| 44. | Prospective licensees anticipate these needs, so they almost always include their proposed derivative works with their initial licensing requests. | Mannis-Gardner Tr. at 129:2-7; 216:13-22. |
| 45. | After sending Taylor the message "Okay, I'll text," and before Taylor played "Sorry" on the radio, Minaj had a change of heart and admonished Taylor via Instagram message that he was not to play any material that was not included on Minaj's album on the radio. | Maraj Tr. at 75:13-77:11; Lauritsen Decl. at ¶ 3, Ex. F [Depo Ex. 104]; Declaration of Onika Maraj ("Maraj Decl.") at ¶¶ 6-7. |
| 46. | Neither Minaj nor anyone acting with her authority sent Taylor "Sorry." | Maraj Tr. at 78:24-79:18; Lauritsen Decl. at ¶ 2, Ex. D ("Roberson Tr.") at 22:22-24; Lauritsen Decl. at ¶ 2, Ex. E ("Delaine Tr.") at 69:23-70:10; Taylor Tr. at 22:8-18; 24:21-24; |

| SUF No. | Defendant's Additional Material Facts | Supporting Evidence |
|---|---|---|
|  |  | 162:7-12. |
| 47. | The 01 Sorry – 72518 – master.mp3 file name was generated by Serban Ghenea, who provided mixing services for Minaj. | Delaine Decl. at ¶¶ 3-7. |
| 48. | Serban Ghenea completed his mixing services on "Sorry" on or around July 25, 2018. | Delaine Decl. at ¶ 7. |
| 49. | A commercial quality recording of a hip hop track that had been professionally mastered is not transmittable via text message on account of its file size. | Delaine Decl. at ¶ 7. |
| 50. | On or around August 3, 2018, Minaj sent Nas a copy of what was then the "latest" mix of the "Sorry" recording. | Maraj Tr. at 64:12-66:2; Lauritsen Decl. at ¶ 4, Ex. G [Depo Exhibit 102] |
| 51. | In the correspondence between Minaj and Nas in the days leading up to the broadcast of the "Sorry" recording on the radio, Nas made clear his own frustrations with Chapman's refusal to issue a license for the recording's commercial distribution. | Maraj Tr. at 64:12-65:9; Maraj Tr. at 71:4-7; Lauritsen Decl. at ¶ 4, Ex. G [Depo Exhibit 102] |

1645051.1

-15-

Case No. 2:18-cv-9088-VAP-SS

DEFENDANT ONIKA TANYA MARAJ'S RESPONSES TO PLAINTIFF'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

| | | |
|---|---|---|
| 2 | DATED: August 24, 2020 | BROWNE GEORGE ROSS LLP |
| | | Peter W. Ross |
| | | Eric C. Lauritsen |
| | | |
| | | By: _/s/Peter W. Ross_ |
| | | Peter W. Ross |
| | | Attorney for Defendant Onika Tanya Maraj p/k/a Nicki Minaj |

1645051.1

-16-    Case No. 2:18-cv-9088-VAP-SS

DEFENDANT ONIKA TANYA MARAJ'S RESPONSES TO PLAINTIFF'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT